2 F.3d 1150
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph J. SCHEPIS, Jr., Defendant-Appellant.
 No. 92-5863.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 26, 1993.
Decided: August 13, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CR-91-425)
 Kenneth M. Mathews, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph J. Schepis, Jr., pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g) (West Supp. 1993). He was sentenced to a term of 200 months as an armed career criminal under 18 U.S.C.A. Sec. 924(e) (West Supp. 1993). He appeals his sentence, arguing principally that his 1979 conviction for rape in the third degree* was not a "violent felony" as defined in Sec. 924(e)(2)(B), and that equity demanded that the district court not impose a sentence under Sec. 924(e). Schepis seeks permission to file a pro se supplemental brief raising other claims. We grant leave to file the supplemental brief, and affirm.
 
 
 2
 Schepis initially entered a guilty plea under the apparent misapprehension that he did not qualify as an armed career criminal pursuant to Sec. 924(e). However, at his first sentencing hearing, the district court noted the probation officer's recommendation for a sentence under Sec. 924(e) and allowed Schepis to withdraw his plea of guilty. Schepis faked a boating accident and fled the country, but was arrested in Bermuda some months later and returned to South Carolina for trial. He then pled guilty again under the same plea agreement, after being advised by the district court that he was exposed to an enhanced sentence under Sec. 924(e) and that any representations to the contrary which might previously have been made to him by federal agents were not binding on the court.
 
 
 3
 Schepis argued during the sentencing proceeding that rape in the third degree under Washington State law is not a violent felony. The pertinent elements of the offense are: sexual intercourse with another person, not married to the perpetrator, where the victim did not consent and the lack of consent was clearly expressed by the victim's words or conduct. Schepis maintained that, because force is not an element of rape in the third degree, it could not be termed a violent offense without reference to the facts of the particular case. However, taking the categorical approach approved in Taylor v. United States, 495 U.S. 575 (1990), the district court decided that rape in the third degree was necessarily a violent felony.
 
 
 4
 A "violent felony" is defined in Sec. 924(e)(2)(B) as a felony which:
 
 
 5
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
 
 
 6
 (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 7
 The determination that an offense is by its nature a violent felony, like the determination of a crime of violence under guideline section 4B1.1, involves a common sense understanding of the crime. See United States v. Aragon, 983 F.2d 1306 (4th Cir. 1993). It is evident that a clearly non-consensual act of sexual intercourse invariably presents a serious potential risk of physical injury, either through penetration (for example, when the victim is a female virgin or when anal intercourse occurs), through abrasion, through the transmission of disease, or through a struggle, which is always possible should the victim decide to resist the unwelcome advance. See State v. Elmore, 771 P.2d 1192 (Wash. Ct. App. 1989) (male victim of rape in the third degree sustained tear around anus and bruising). Schepis claims in his supplemental brief that the district court considered the facts of his offense; however, the record discloses that the court was careful to analyze only the categorical nature of the offense according to the language of Sec. 924(e), which controls.
 
 
 8
 Although he did not make the argument in the district court, Schepis contends on appeal that the court's finding was erroneous because Sec. 924(e)(2)(B)(ii) applies only to property crimes which involve risk of injury to another person, relying on United States v. Mathis, 963 F.2d 399, 405 (D.C. Cir. 1992). Because he did not make this argument in the district court, we review it under a plain error standard. United States v. Bornstein, 977 F.2d 112, 115 (4th Cir. 1992). While the legislative history of Sec. 924(e)(2)(B)(ii) discloses that it was revised specifically to include intrinsically dangerous property crimes, the overall goal of the statute is "to capture all offenses of a certain level of seriousness that involve violence or an inherent risk thereof, and that are likely to be committed by career offenders, regardless of technical definitions and labels under state law." Taylor, 495 U.S. at 590. The plain language of the portion of subsection (e)(2)(B)(ii), which reads: "or otherwise involves conduct that presents a serious potential risk of physical injury to another," reveals that its use is not limited to property crimes. See United States v. O'Neal, 937 F.2d 1369, 1372 (9th Cir. 1991) (vehicular manslaughter is violent felony under Sec. 924(e)(2)(B)(ii) in that it involves conduct that presents serious potential risk of physical injury to another). We therefore find that the district court correctly categorized Schepis's Washington State conviction for rape in the third degree as a violent felony.
 
 
 9
 Schepis maintains that he had a right to be sentenced without the application of Sec. 924(e) because he believed it would not apply when he negotiated the first plea agreement, and because he used up all his bargaining power in the first round of plea negotiations. His arguments are meritless for a number of reasons. First, even if a federal agent made such an assurance to Schepis, it was not incorporated into the plea agreement, which stated only that the district court would determine the sentence in accord with the sentencing guidelines, and that the government would not take a position on what sentence the court should impose. Moreover, when Schepis's misapprehension about the possible applicability of Sec. 924(e) surfaced, he was afforded the remedy of withdrawing his plea.
 
 
 10
 After entering his second guilty plea in the full awareness that he was exposed to a sentence under Sec. 924(e) and upon being informed explicitly by the district court that any representations made by federal agents were not binding on the court, Schepis had no basis for arguing that the court was bound by any earlier promise which allegedly induced his first guilty plea. Mabry v. Johnson, 467 U.S. 504, 510-11 (1984). As a bargaining tool, he retained the right to force the government to go to trial.
 
 
 11
 The district court did not clearly err in determining by a preponderance of the evidence that Schepis was on unsupervised parole at the time of the current offense, and in awarding two criminal history points under guideline section 4A1.1(d). The government submitted evidence that his parole from a 1978 Washington State robbery conviction would not expire until 1998, and also submitted a parole violation warrant issued by Washington State authorities as a result of the current offense. The cases cited by Schepis in his supplemental brief concerning lost jurisdiction are inapposite.
 
 
 12
 Finally, Schepis claims that the district court failed to give him credit for acceptance of responsibility. In fact, the probation officer reduced the base offense level from thirty-three to thirty-one in calculating the recommended guideline range, which the district court adopted.
 
 
 13
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Wash. Rev. Code Ann. Sec. 9A.44.060 (West 1988) (formerly Wash. Rev. Code Ann. Sec. 9.79.190, recodified July 1, 1979)