[No. 21115–3–I.   Division One.   May 8, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. DERRICK
ELMORE, *Appellant.*

*Dennis Benjamin* and *Jesse W. Barton* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Cynthia Gannett* and *Patricia Shelledy, Deputies,* for respondent.

PEKELIS, J.—Derrick Elmore a/k/a David L. Deuce, appeals his conviction for third degree rape. He argues that the trial court erred when it failed to instruct the jury that intent and knowledge were elements of third degree rape.

Elmore befriended "B", a mentally retarded man in his early twenties, on a downtown Seattle bus on June 9, 1987. The two got off the bus and went to a park where, according to B, Elmore had anal intercourse with him in one of the bathrooms, despite B's protests.

Police officers arrived at the park in response to a suspicious circumstances call. Based on B's report that he had been sexually assaulted, the officers arrested Elmore on

suspicion of rape. They took B to Harborview Medical Center for examination where the emergency room doctor found a recent tear around B's anus as well as signs of bruising.

Elmore was formally charged with second degree rape. Although he did not testify, his attorney asserted in closing argument that Elmore did not engage in sexual intercourse with B but that B, as a result of his mental limitations, had confused his encounter with Elmore with a separate earlier incident of rape where he was the victim.[1] There was no contention on Elmore's behalf that he had engaged in consensual sexual intercourse with B.

Defense counsel submitted jury instructions which included intent as the mens rea element of second degree rape and knowledge as the mens rea element of third degree rape. Defense counsel took exception to the court's refusal to give these instructions. At the close of the trial, the court instructed the jury on second degree rape and on the lesser included offense of third degree rape. The court also instructed the jury on the definition of consent, using the verbatim definition from RCW 9A.44.010(7) requested by the defense. The jury acquitted Elmore of the second degree rape charge, but convicted him of third degree rape.

The principal issue raised by Elmore is his contention that the jury should have been instructed that intent is an element of third degree rape.[2] This issue was not raised below and thus is not reviewable unless its omission from the jury instructions constitutes manifest constitutional error. RAP 2.5; *State v. Parker*, 97 Wn.2d 737, 742, 649

---

[1]The court found B to be competent as a witness in a competency hearing held prior to trial.

[2]The 1987 version of RCW 9A.44.060(1)(a) provided:

"A person is guilty of rape in the third degree when, under circumstances not constituting rape in the first or second degrees, such person engages in sexual intercourse with another person, not married to the perpetrator:

"(a) Where the victim did not consent as defined in RCW 9A.44.010(6), to sexual intercourse with the perpetrator and such lack of consent was clearly expressed by the victim's words or conduct . . .".

P.2d 637 (1982). Elmore asserts that intent is an implied element of third degree rape and, as such, that its omission from the jury instructions constitutes manifest constitutional error. In support, he cites *Morissette v. United States,* 342 U.S. 246, 249, 96 L. Ed. 288, 72 S. Ct. 240 (1952) in which the Court held that where a statute defines a crime derived from common law, but fails to expressly mention the element of intent which had been recognized at common law, that element will be implied in the statutory law as well.

Elmore's argument has several flaws. First, the Court in *Morissette* argues only for retention of an element of conscious wrongdoing in "larceny–type" offenses, recognizing that

> Neither this Court nor, so far as we are aware, any other has undertaken to delineate a precise line or set forth comprehensive criteria for distinguishing between crimes that require a mental element and crimes that do not. We attempt no closed definition, for the law on the subject is neither settled nor static.

*Morissette v. United States,* 342 U.S. at 260.

Moreover, it is not at all clear, as Elmore's argument assumes, that rape was a specific intent crime at common law. Essentially, the elements of rape at common law were carnal knowledge, force, and commission of the act against the will of the victim. 75 C.J.S. *Rape* § 8, at 471 (1952). It appears that no intent was requisite other than that evidenced by the acts constituting the offense.[3]

■■ In Washington, the general rule is that criminal intent will not be inferred where the Legislature defines a crime as punishable by conduct alone. *State v. Stroh,* 91 Wn.2d 580, 588 P.2d 1182, 8 A.L.R.4th 760 (1979). There

---

[3]There is ample federal authority for the proposition that specific intent is not an element of rape. *See, e.g., United States v. Lavallie,* 666 F.2d 1217 (8th Cir. 1981); *United States v. Thornton,* 498 F.2d 749 (D.C. Cir. 1974); *Henry v. United States,* 432 F.2d 114 (9th Cir. 1970), *modified on other grounds,* 434 F.2d 1283 (9th Cir.), *cert. denied,* 400 U.S. 1011, 27 L. Ed. 2d 625, 91 S. Ct. 576 (1971).

are two exceptions to this rule: first, where a statute punishes conduct which may be innocent and is objectionable only if it is accompanied by a specific evil intent or guilty knowledge. *Stroh,* 91 Wn.2d at 584.[4] This is not such a situation since having sexual intercourse with another person without his consent could not reasonably be mistaken to be an innocent act.

The other exception is where there is contrary legislative intent. This exception is also inapplicable here since the Legislature chose not to include a degree of culpability as an element of rape; instead, it specifically included lack of consent.[5] Our Supreme Court has held that because the statute expressly includes lack of consent as an element of rape, knowledge cannot be inferred in first, second or third degree rape. *State v. Ciskie,* 110 Wn.2d 263, 751 P.2d 1165 (1988). By refusing to infer knowledge as an implied element of rape, the court has clearly rejected the possibility that intent, which involves a far more culpable state of mind, could be inferred therein.[6]

In summary, the Legislature did not expressly include any degree of culpability as an element of third degree rape and none should be inferred. Thus, there was no error, let alone manifest constitutional error.

---

[4]While the applicable statute did not require knowledge as an element of witness tampering, the *Stroh* court held that the accused must know that the person approached is a witness in order to insure that no person innocent of the intent to obstruct justice be convicted. *State v. Stroh,* 91 Wn.2d 580, 586, 588 P.2d 1182, 8 A.L.R.4th 760 (1979).

[5]For policy reasons it makes sense that the Legislature would focus on the issue of the victim's consent, or rather lack thereof, rather than the perpetrator's subjective assessment of the situation. To do otherwise would lead to the ludicrous result that a perpetrator could be exonerated simply by arguing that he did not know the victim's expressed lack of consent was genuine or that he did not intend to have nonconsensual sexual intercourse with the victim.

[6]*Ciskie* directly controls a second issue raised by Elmore, to wit, the trial court's failure to give a *knowledge* instruction on third degree rape as requested by Elmore. *State v. Ciskie,* 110 Wn.2d 263, 751 P.2d 1165 (1988).

58

Affirmed.

SCHOLFIELD and WINSOR, JJ., concur.