[No. 12797-1-II.    Division Two.    September 18, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. BENNY SAIZ, *Appellant*.

2

*Edward L. Dunkerly* and *Ihringer & Dunkerly,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Christopher Horne, Deputy,* for respondent.

PETRICH, A.C.J. — A jury found Benny Saiz guilty on two counts of child molestation in the first degree, RCW 9A.44.083, the first count as a lesser included offense of rape of a child in the first degree, RCW 9A.44.073.

On appeal Saiz challenges the sufficiency of the evidence of his identity as the perpetrator of the offense; he claims various evidentiary errors in the admission and exclusion of evidence; and he contends that the offense of child molestation I was improperly submitted as a lesser included offense. We conclude that the evidence was adequate to identify Saiz as the perpetrator of the offenses; that there were no evidentiary errors warranting reversal; but that the submission of child molestation I as a lesser included offense was error requiring reversal of that count.

Around July 20, 1988, Saiz stayed for 3 or 4 days at the home of his second cousin. During his stay, Saiz fondled the cousin's 9-year-old daughter while they were watching television. Saiz admits to being in bed with the victim and that his cousin was in the room.

A second incident, with the same victim, occurred in September while Saiz lived with his stepmother, Peggy Saiz. While in bed and under the covers, Saiz again tried to place his fingers in the victim's vagina. Saiz admits to being in bed with the child and that Peggy and his cousin were in the room.

Saiz was charged with child molestation in the first degree in violation of RCW 9A.44.083 for the July incident. For the later incident he was charged with rape of a child in the first degree in violation of RCW 9A.44.073 by engaging in sexual intercourse through digital penetration of the child victim.

LESSER INCLUDED OFFENSE

■ Saiz contends that the trial court improperly instructed the jury that child molestation I is a lesser included offense of rape of a child I, thus violating his "constitutional right to be informed of the nature and cause of the accusation against him . . . so as to enable the accused to prepare a defense." *State v. Bailey*, 114 Wn.2d 340, 348, 787 P.2d 1378 (1990). The purpose of requiring that a lesser included offense include elements of the greater offense is to satisfy the notice requirement of article 1, section 22 of the Washington State Constitution. *State v. Pelkey*, 109 Wn.2d 484, 488, 745 P.2d 854 (1987). The test for determining the propriety of a lesser included offense instruction has two parts: (1) each of the elements of the lesser offense must be a necessary element of the offense charged; and (2) the evidence in the case must support an inference that the lesser crime was committed. *State v. Pacheco*, 107 Wn.2d 59, 68-69, 726 P.2d 981 (1986).

It is necessary to analyze and compare the elements of the respective offenses.

> **Rape of a child in the first degree.** A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim.

RCW 9A.44.073.

> **Child molestation in the first degree.** (1) A person is guilty of child molestation in the first degree when the person has sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

RCW 9A.44.083.

One main discrepancy between the elements of these two offenses is that rape of a child involves sexual intercourse while child molestation involves sexual contact. These two elements are not synonymous. The Legislature defined sexual contact to have as its purpose sexual gratification.[1] This is an element that the State must prove. Because the Legislature defined sexual intercourse without this purpose, proof of rape of a child does not embrace proof of child molestation.[2]

The courts of this State have long held that statutory rape is a strict liability offense. *See State v. Elmore*, 54 Wn. App. 54, 57, 771 P.2d 1192 (1989) (intent not inferred in rape in the third degree); *State v. Abbott*, 45 Wn. App. 330, 334, 726 P.2d 988 (1986) (statutory rape is a strict liability offense: "The Legislature has chosen a specific means to combat the social evil of carnal abuse or exploitation of children by persons more than 2 years older than themselves. We will not impose any additional burdens upon the State than those mandated by statute."), *review denied*, 107 Wn.2d 1027 (1987); *State v. Geer*, 13 Wn. App. 71, 75, 533 P.2d 389 (rape does not involve intent, motive or purpose), *review denied*, 85 Wn.2d 1013 (1975); *State v. Ciskie*, 110 Wn.2d 263, 281-82, 751 P.2d 1165 (1988) (knowledge not inferred in first, second or third degree rape).

The State, relying upon the factual circumstances of this case, contends that because Saiz's intent was never an issue in the case, the court was justified in giving the instruction.

---

[1] RCW 9A.44.010(2) states: " 'Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party."

[2] The court's instructions to the jury properly defined both "sexual contact" and "sexual intercourse" as defined in RCW 9A.44.010. The instructions defined "sexual contact" as an element of child molestation only.

While one of the meanings of sexual intercourse is that of "sexual contact" between persons involving the sex organs of one person and the mouth or anus of another (RCW 9A.44.010(1)(c)), Saiz was not charged with this version of sexual intercourse as noted above. Furthermore, the instructions to the jury did not embrace this meaning of sexual intercourse.

Reliance on the facts, however, does not satisfy the first prong of the test: "[I]f it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime." *State v. Bishop*, 90 Wn.2d 185, 191, 580 P.2d 259 (1978) (quoting *State v. Roybal*, 82 Wn.2d 577, 583, 512 P.2d 718 (1973)).

Because sexual gratification is not an element of the crime of rape of a child, child molestation is not a lesser included offense of child rape. The State did not properly notify Saiz of the nature and cause of the accusation against him. Therefore, the judgment and sentence of child molestation in the first degree as a lesser included offense to rape of a child in the first degree is reversed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ALEXANDER and MORGAN, JJ., concur.