[No. 12079-1-III. · Division Three. March 23, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. MIGUEL A. GURROLA, *Appellant*.

*Hugh M. Spall,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Bruce Hanify, Deputy,* for respondent.

SWEENEY, J. — Miguel A. Gurrola was convicted of three counts of first degree rape of a child. He appeals contending (1) the information failed to allege an essential statutory element of the crime; (2) the court erred in calculating his offender score; (3) the court erred in computing the seriousness level of the crime; and (4) the sentence imposed was

clearly excessive. We affirm the convictions but remand for resentencing.

## FACTS

Mr. Gurrola was charged with three counts of first degree rape of a child.[1] RCW 9A.44.073. He waived his right to a jury trial and the case was tried to the court. J.C., age 9, and M.R., age 8, testified that on repeated occasions they were forced to perform oral sex on Mr. Gurrola. J.C. testified that Mr. Gurrola "put his private part in my bottom." Both children stated that Mr. Gurrola threatened to hit them if they told their father. Defense counsel did not cross-examine the children.

During the trial, the prosecutor complained that defense counsel's "utter lack of cross-examination and utter noninvolvement" in the case suggested that he believed the information was defective.[2] Defense counsel did not answer. The

---

[1]Count 1 of the third amended information alleged that between July 1, 1989, and April 1, 1990, Mr. Gurrola

did engage in sexual intercourse with and was at least twenty-four months older than a male victim, (whose name will be released by court order only), a person who was less than twelve years of age and not married to the accused, by having said mail [sic] victim place his mouth upon the defendant's penis . . .[.]

Count 2 alleged that between April 1, 1990, and February 28, 1991, Mr. Gurrola did engage in sexual intercourse with and was at least twenty-four months older than a female victim, (whose name will be released by court order only), a person who was less than twelve years of age and not married to the accused, by having said female victim place her mouth on the penis of the defendant . . .[.]

Count 3 alleged that between April 1, 1990, and February 28, 1991, Mr. Gurrola did engage in sexual intercourse with and was at least twenty-four months older than a male victim, (whose name will be released by court order only), a person who was less than twelve years of age and not married to the accused, by having said male victim place his mouth upon the defendant's penis . . .[.]

[2]The prosecutor stated: "the feeling that due to utter lack of cross-examination and utter noninvolvement in this case on behalf of the defense, there might be an allegation or a reason in counsel's mind that there might be something wrong with this information. . . .

". . . And we submit also, respectfully, that the state is entitled to know what if any claim there is as to any deficiency in the charging document so that we can appropriately amend. I'm asking the court to at least consider at this point instructing counsel, if there is this allegation, that it needs to be made at this time so we can take what if any action needs to be taken."

court responded that the information "properly charge[d] all of the elements of each crime."[3] The trial proceeded with the State presenting the testimony of Yakima Police Detective Michael Bartleson and Robyn Cyr, a victim/witness administrator and investigator. Detective Bartleson testified that he spoke to the children in Ms. Cyr's presence.

The court found Mr. Gurrola guilty of three counts of first degree rape of a child. Following the convictions, Mr. Gurrola moved to dismiss the convictions, arguing that the information failed to allege that the sexual acts were done for purposes of sexual gratification.

The motion was denied and Mr. Gurrola was sentenced.

In computing Mr. Gurrola's offender score on count 1, the court assigned a seriousness level of 11 to each count (RCW 9.94A.320) and an offender score of 3 (RCW 9.94A.360) to the other current rape offenses, resulting in an offender score of 6 for each count. The standard range sentence for each count was thus calculated to be 146 to 194 months. The court sentenced Mr. Gurrola to concurrent 194-month sentences as to counts 1 and 3 and to a consecutive 194-month sentence for count 2. This appeal follows.

ESSENTIAL ELEMENTS OF CRIME

Mr. Gurrola contends the information did not contain an essential element of the offense because it failed to allege that the oral-genital contact with the children was done for the purpose of sexual gratification.

■ ■ All essential elements of a crime, statutory and nonstatutory, must be included in a charging document. *State v. Davis*, 119 Wn.2d 657, 661, 835 P.2d 1039 (1992); *State v. Hopper*, 118 Wn.2d 151, 155, 822 P.2d 775 (1992). A

---

[3]The court stated, "[b]ut reviewing the statute, it certainly sets out the elements of each of the crimes, makes a particular statement of fact as to the manner in which the act occurred. That is, referring in each count to the last three lines of the body of the second amended information, it describes with particularity the conduct which is alleged to constitute sexual intercourse. There are, in my view, no mental states that need to be otherwise alleged in the common law as contrasted to the statute.

"So let's proceed."

challenge to the sufficiency of a charging document is of constitutional magnitude and may be raised for the first time on appeal. *State v. Leach*, 113 Wn.2d 679, 691, 782 P.2d 552 (1989); RAP 2.5(a)(3). However, a stricter standard of review is applied if the challenge is first raised on appeal. *State v. Kjorsvik*, 117 Wn.2d 93, 103, 812 P.2d 86 (1991). The latter standard requires application of a 2-prong test:

> (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

*Kjorsvik*, at 105-06; *State v. Craven*, 67 Wn. App. 921, 925, 841 P.2d 774 (1992). The first prong addresses the charging document; the second looks beyond the charging document to determine if the notice of the charges is sufficient to prepare a defense. An information which is " 'not challenged until after the verdict will be more liberally construed in favor of validity than those challenged before or during trial.' " *Davis*, at 661 (quoting *Kjorsvik*, at 102).

Here, all three counts of the information alleged that Mr. Gurrola engaged in sexual intercourse with the victims in violation of RCW 9A.44.073, which provides:

> (1) A person is guilty of rape of a child in the first degree when the person has *sexual intercourse* with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim.

(Italics ours.) Sexual intercourse has its ordinary meaning and also means "any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex." RCW 9A.44.010(1)(a), (c). Sexual contact means "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party." RCW 9A.44.010(2).

Mr. Gurrola focuses on that portion of RCW 9A.44.010(1) describing "sexual contact". He concludes that if "sexual intercourse" is accomplished by oral-genital contact, then

RCW 9A.44.010(2) mandates the additional requirement of gratification of sexual desire. We disagree.

 Each provision of a statute is construed in relation to the others with the objective of consistent construction of the whole. *Crippen v. Bellevue*, 61 Wn. App. 251, 258, 810 P.2d 50, *review denied*, 117 Wn.2d 1015 (1991). The requirement that the State allege that oral-genital contact be done for the purpose of sexual gratification would eliminate the distinction between the crimes of rape of a child and child molestation but for the age difference between the perpetrator and the victim. RCW 9A.44.083(1) provides: "A person is guilty of child molestation in the first degree when the person has *sexual contact* with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." (Italics ours.)

Offenses such as child molestation or indecent liberties reasonably require a showing of sexual gratification because the touching may be inadvertent. Oral-genital contact does not; it is not inadvertent. Further, sexual contact as used in RCW 9A.44.010(2) defines nonintercourse sexual contact for the crimes of child molestation and indecent liberties, RCW 9A.44.083; RCW 9A.44.100, and does not further define or limit the definition of sexual intercourse in RCW 9A.44-.010(1), applicable to RCW 9A.44.073. Sexual gratification is not an element of the crime of rape of a child. *See State v. Markle*, 118 Wn.2d 424, 435, 823 P.2d 1101 (1992); *State v. Saiz*, 63 Wn. App. 1, 5, 816 P.2d 92 (1991). The court did not err in denying the motion to dismiss.

### OFFENDER SCORE

Mr. Gurrola next contends the court erred in calculating his offender score by imposing 3 points of criminal history for two of the current convictions for first degree rape of a child. He contends that because RCW 9.94A.360(10) does not specifically mention the crime of rape of a child, his current offenses should count for 2 points of criminal history. We agree.

In calculating a defendant's offender score, convictions entered, or for which sentence is imposed, on the same date as the conviction for which the offender score is being computed are "other current offenses". RCW 9.94A.360(1). If the sentence is for murder 1 or 2, assault 1, kidnapping 1, homicide by abuse, or *rape 1*, each prior adult conviction is counted as 3 points in calculating a defendant's offender score. Former RCW 9.94A.360(10). If the current conviction is not for one of the five offenses listed in former RCW 9.94A.360(10), then prior adult violent felony convictions are counted as 2 points each. RCW 9.94A.360(9). First degree rape of a child is not listed. The court, therefore, erred in counting Mr. Gurrola's other current convictions as 3 points each.

### SERIOUSNESS LEVEL

The court determined the three counts of first degree rape of a child had a seriousness level of 11. Prior to July 1, 1990, first degree rape of a child was a level 10 crime. Mr. Gurrola contends that because count 1 was alleged to occur between July 1, 1989, and April 1, 1990, the seriousness level should have been set at level 10. Likewise, he argues that because the court found he had committed counts 2 and 3 between April 1, 1990, and February 28, 1991, those offenses should have been set at a seriousness level of 10. He contends that setting the seriousness level for these crimes at 11 violates both state and federal constitutional proscriptions against ex post facto legislation. We agree.

The offense described in count 1 occurred between July 1, 1989, and April 1, 1990. The court therefore erred in treating count 1 as an offense with a seriousness level of 11. Former RCW 9.94A.320 (Table 2). The offenses described in counts 2 and 3 occurred between April 1, 1990, and February 28, 1991. The State did not prove that the offenses occurred after the effective date of the amendment, July 1, 1990.[4]

Ex post facto legislation is prohibited by both the United States Constitution, article 1, section 9, and our

---

[4] Neither party raised the issue before the trial court during sentencing.

constitution, article 1, section 23. A law violates the provision against ex post facto legislation if it permits imposition of a different or more severe punishment than was permissible when the crime was committed and disadvantages the offender. *State v. Edwards*, 104 Wn.2d 63, 70-71, 701 P.2d 508 (1985). Moreover, statutory amendments are presumed to act prospectively. *Painting & Decorating Contractors of Am., Inc. v. Ellensburg Sch. Dist.*, 96 Wn.2d 806, 813, 638 P.2d 1220 (1982).

Because the increase in the seriousness level of first degree child rape permits the imposition of a more severe punishment, only those acts of child rape occurring after July 1, 1990, are properly classified at a seriousness level of 11.

The Sentencing Reform Act of 1981 imposes on the State the burden of establishing a defendant's criminal history by a preponderance of the evidence. *State v. Jones*, 110 Wn.2d 74, 77, 750 P.2d 620 (1988). The State was required, therefore, to prove by a preponderance of the evidence that the crimes charged in counts 2 and 3 were committed after July 1, 1990. Because it failed to do so, the court erred in imposing a sentence at seriousness level 11.

## EXCEPTIONAL SENTENCE

Finally, Mr. Gurrola contends the imposition of the court's sentence was clearly excessive. While he concedes· that the record contains sufficient reasons for the imposition of an exceptional sentence, he argues that a sentence of 388 months is significantly longer than other defendants have received for more heinous acts. Because we remand for resentencing, we do not address this assignment of error.

Mr. Gurrola's convictions are affirmed. We remand for recalculation of Mr. Gurrola's offender score and offense seriousness level and resentencing in accordance with this opinion.

SHIELDS, C.J., and THOMPSON, J., concur.

Review denied at 121 Wn.2d 1032 (1993).