[No. E016558. Fourth Dist., Div. Two. July 31, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
BERKELEY HOWARD, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.A, II.B.2, IV, V, VI, VII, and VIII.

**COUNSEL**

Martin Nebrida Buchanan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and David Delgado-Rucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RICHLI, J.—**

I

*Procedural Background*

Defendant Berkeley Howard (defendant) was found guilty on five separate counts of committing a lewd and lascivious act on a child under fourteen (Pen. Code, § 288, subd. (a)). An allegation that defendant had a prior serious felony conviction (Pen. Code, § 667, subd. (a)) was found true.

Defendant's prior conviction brought him within the "second strike" provisions of the three strikes law. (Pen. Code, § 667, subds. (b)-(i).) The trial court sentenced him as follows:

(1) On count 1, the principal term: eight years (the upper term), doubled due to the "strike," to make sixteen years;

(2) On counts 2 through 5: two years (one-third the midterm) on each, doubled due to the "strike," to make four years on each, to be served consecutively;

(3) On the prior conviction allegation: five years, to be served consecutively.

Thus, defendant's total sentence was 37 years in prison.

Defendant does not challenge his conviction of the underlying offenses. Instead, he focuses on the true finding on the "strike" prior, the validity of the three strikes law, and the application of the three strikes law in this case.

We reject most of defendant's contentions. However, we agree that the trial court failed to exercise its discretion to strike or dismiss the "strike" prior under Penal Code section 1385 and *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] so that the case must be remanded for resentencing. We also find two other minor sentencing errors, which the People either concede or do not dispute. The trial court should remedy these on remand.

## II

### *The Sufficiency of the Evidence That Defendant Had a Prior Conviction for a Serious Felony*

To prove defendant's prior conviction, the prosecution introduced a copy of the Washington first degree rape statute, plus certified copies of documents obtained from the Spokane County Superior Court and the Washington Department of Corrections. These documents showed that on May 27, 1977, one "Berklin Howard" was charged with first degree rape under Washington law. On June 16, 1977, after pleading guilty as charged, he was convicted and sentenced to prison. In the plea form, he stated (as best we can tell; his handwriting is not entirely clear): "I entered the apt without being asked and then had intercourse with a female that was in the apt without her permission." On September 8, 1980, he was paroled to California. The documents gave "Berklin Howard's" height, weight, and date of birth (May 28, 1959); they included his fingerprints, and two booking photographs.

The trial court found that the Washington first degree rape statute included elements not included in the California rape statute and therefore set "a higher standard," and that all elements of rape under California law had been met.

The trial court further found that each photograph "appears to be photograph of the defendant in this case, Berkeley Howard, although more youthful appearing." It concluded that defendant was the person convicted of the 1977 Washington prior.

A. *The Sufficiency of the Evidence Identifying Defendant as the Person Convicted of the Prior.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *The Sufficiency of the Evidence That the 1977 Washington Prior Was a "Serious Felony."*

 Defendant contends that his prior conviction for first degree rape under Washington law did not qualify as a serious felony for purposes of either a prior serious felony enhancement, or a "strike" under the three strikes law.

 In determining whether an out-of-state prior is a serious felony, "the trier of fact may consider the entire record of the proceedings leading

---

*See footnote, *ante*, page 1526.

to imposition of judgment on the prior conviction to determine whether the offense of which the defendant was previously convicted involved conduct which satisfies all of the elements of the comparable California serious felony offense." (*People* v. *Myers* (1993) 5 Cal.4th 1193, 1195 [22 Cal.Rptr.2d 911, 858 P.2d 301]; see Pen. Code, §§ 667, subd. (a)(1), 668.) " '[W]hen the record does not disclose any of the facts of the offense actually committed' [citation], a presumption arises that the prior conviction was for the least offense punishable. [Citation.] However, the record need only contain additional evidence from which the court can reasonably presume that an element of the crime was adjudicated in the prior conviction. [Citation.]" (*People* v. *Johnson* (1991) 233 Cal.App.3d 1541, 1548 [285 Cal.Rptr. 394], quoting *People* v. *Guerrero* (1988) 44 Cal.3d 343, 352 [243 Cal.Rptr. 688, 748 P.2d 1150].) The same approach applies in determining whether an out-of-state prior is a "strike" for purposes of the three strikes law. (*People* v. *Purata* (1996) 42 Cal.App.4th 489, 493 [49 Cal.Rptr.2d 664]; see Pen. Code, §§ 667, subd. (d)(2), 668.)

 Rape, as defined by California law, is a serious felony. (Pen. Code, §§ 667, subds. (a)(4), (d)(1), 1192.7, subd. (c)(3).) Under Washington law: "A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person by forcible compulsion where the perpetrator or an accessory: [¶] . . . Feloniously enters into the building or vehicle where the victim is situated." (Wash. Rev. Code § 9A.44.040, subd. (1)(d).)

" 'Sexual intercourse' (a) has its ordinary meaning and occurs upon any penetration, however slight, and [¶] (b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and [¶] (c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex." (Wash. Rev. Code § 9A.44.010, subd. (1).)

" 'Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." (Wash. Rev. Code § 9A.44.010, subd. (2).)

" 'Forcible compulsion' means physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or

he or another person will be kidnapped." (Wash. Rev. Code § 9A.44.010, subd. (6).)[2]

### 1. *Reasonable and Good Faith Belief in Consent.*

Defendant argues that under California law but not under Washington law, the intent element of rape includes lack of a reasonable and good faith belief that the victim consented.

In California, "there is a defense of mistake of fact where a defendant alleges he had a good faith, reasonable belief that the victim voluntarily consented to engage in sexual intercourse." (*People* v. *Hernandez* (1988) 47 Cal.3d 315, 344 [253 Cal.Rptr. 199, 763 P.2d 1289]; see generally, *People* v. *Mayberry* (1975) 15 Cal.3d 143, 155 [125 Cal.Rptr. 745, 542 P.2d 1337].) In one sense, such a belief is an affirmative defense. Thus, the defendant has the burden of producing evidence that "he had a bona fide and reasonable belief that the [victim] consented . . . to sexual intercourse" (*People* v. *Mayberry*, *supra*, 15 Cal.3d at p. 157); and, in the absence of such evidence, the trial court need not instruct the jury on the issue. (*People* v. *Williams* (1992) 4 Cal.4th 354, 361 [14 Cal.Rptr.2d 441, 841 P.2d 961].) In another sense, however, such a belief negates an element of the crime. Accordingly, the ultimate burden of persuasion remains on the People; and the defendant is "only required to raise a reasonable doubt as to whether he had such a belief." (*People* v. *Mayberry*, *supra*, 15 Cal.3d at p. 157; cf. *People* v. *Curtis* (1994) 30 Cal.App.4th 1337, 1353 [37 Cal.Rptr.2d 304] [discussion of justification and excuse both as negating an element of the crime, and as affirmative defenses].)

Under Washington law, it appears that a good faith, reasonable belief in consent is not a defense. (*State* v. *Smith* (1940) 3 Wn.2d 543, 552-553 [101 P.2d 298]; *State* v. *Brown* (1995) 78 Wn.App. 891, 894-896 [899 P.2d 34], review den. (1996) 128 Wn.2d 1021 [913 P.2d 815]; *State* v. *Walden* (1992) 67 Wn.App. 891, 894-896 [841 P.2d 81]; *State* v. *Elmore* (1989) 54 Wn.App. 54, 55-57 [771 P.2d 1192].) Washington courts deem it "ludicrous . . . that a perpetrator could be exonerated simply by arguing that he did not know the victim's expressed lack of consent was genuine or that he did not intend to have nonconsensual sexual intercourse with the victim." (*State* v. *Elmore*, *supra*, 771 P.2d at p. 1193, fn. 5.)

---

[2]Since 1977, when defendant was convicted, these statutes have been recodified, but otherwise have remained substantially the same. (Compare Wash. Rev. Code § 9A.44.010 with former Wash. Rev. Code § 9.79.140 (Wash. Laws 1975, 1st Ex. Sess., ch. 14, § 1); compare Wash. Rev. Code § 9A.44.040 with former Wash. Rev. Code § 9.79.170 (Wash. Laws 1975, 1st Ex. Sess., ch. 14, § 4).)

Nevertheless, here the trial court properly determined that the prior constituted rape under California law, for two reasons. First, there is no requirement that the defenses to the out-of-state crime be the same as under California law. This is so even when it can be argued that the defense is one which negates an element of the crime. This follows from the decision by this court in *People* v. *Martinez* (1991) 230 Cal.App.3d 197 [281 Cal.Rptr. 205]. There, the defendant was charged with murder with the special circumstance that he had been previously convicted of murder in Texas. (*Id.*, at p. 199.) For the purpose of this special circumstance, ". . . an offense committed in another jurisdiction, which if committed in California would be punishable as first or second degree murder shall be deemed murder in the first or second degree." (Pen. Code, § 190.2, subd. (a)(2).) At the preliminary hearing, the magistrate struck the special circumstance because Texas did not recognize imperfect self-defense under *People* v. *Flannel* (1979) 25 Cal.3d 668 [160 Cal.Rptr. 84, 603 P.2d 1]—i.e., an honest but unreasonable belief in the need for self-defense—as a defense to murder. (230 Cal.App.3d at pp. 200-201.)

We reversed, holding that: "[W]hether Texas does or does not recognize a *Flannel* defense is irrelevant in determining whether defendant's Texas murder conviction was for 'an offense which if committed in California would be punishable as first or second degree murder' . . . . We conclude . . . that the relevant inquiry . . . is limited to determining whether the elements of the crime of which the defendant was convicted in the foreign jurisdiction include the elements of either first or second degree murder under California law." (230 Cal.App.3d at pp. 201-202.)

We explained: "[T]he magistrate and trial court . . . apparently interpreted the phrase 'would be punishable' as requiring 'certainty of punishment' rather than 'the capacity therefor.' Under *Andrews*,[3] the relevant inquiry is whether the offense of which the defendant was convicted in Texas includes the elements of first or second degree murder in California such that the Texas offense was one which had the capacity for punishment as first or second degree murder. The concept of imperfect self-defense . . . is not an element of either first or second degree murder in California, but rather is a mitigating factor, which, when raised by sufficient evidence, *negates* an element of murder, specifically, malice. [Citation.]" (*People* v. *Martinez, supra*, 230 Cal.App.3d at pp. 202-203.)

Here, similarly, the statutory focus is on the "elements" of the crime (Pen. Code, § 667, subds. (a)(1), (d)(2)), and on whether the defendant "could

---

[3]*People* v. *Andrews* (1989) 49 Cal.3d 200 [260 Cal.Rptr. 583, 776 P.2d 285] upheld a special circumstance based on the defendant's prior Alabama murder conviction, despite the fact that he had been 16 at the time and hence eligible for treatment as a juvenile under California law. (49 Cal.3d at pp. 221-225.)

have been punished" for the crime if it had been committed in California. (Pen. Code, § 668.) The *Mayberry* defense (an honest and reasonable belief in consent) is closely analogous to the *Flannel* defense (an honest but unreasonable belief in the need for self-defense). We conclude that even though Washington might not have recognized a *Mayberry* defense, defendant's prior has the same elements as rape under California law and can be used as an enhancement or a "strike."

Second, and alternatively, defendant's written statement of the facts underlying the plea evidenced the lack of a good faith, reasonable belief that the victim consented. Defendant admitted that he both entered the victim's apartment and had intercourse with her without her consent. The trial court could properly find this inconsistent with a reasonable belief in consent.

2. *Meaning of "Sexual Intercourse"* *

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

### Defendant's Waiver of His Right to Be Present at the Hearing on the Prior

Defendant contends that the trial court erroneously accepted an oral, rather than written, waiver of his right to be present at the hearing on the prior serious felony conviction allegation.

The trial court bifurcated the trial of the prior conviction allegation. After the jury returned its verdict on all other charges, defendant waived a jury trial on the prior. The trial court dismissed the jury.

The following proceedings were then had on the record:

"THE COURT: The record should reflect that we're in the holding area behind the courtroom, and the attorneys are present and Mr. Howard is present in the cell.

"Your attorney advises me that you didn't want to come out for the remaining portion, the issue of whether or not you have this prior conviction; is that right?

"THE DEFENDANT: Yes, sir.

---

*See footnote, *ante,* page 1526.

"THE COURT: Okay. Do you understand you have an absolute right to be there and to assist your attorney, to hear the evidence and so forth? Do you understand all that?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you don't want to be in there?

"THE DEFENDANT: No.

"THE COURT: You waive your right to be there.

"THE DEFENDANT: Yes.

"THE COURT: And [defense counsel], anything you wanted to add to that?

"[DEFENSE COUNSEL]: No, your Honor. I've explained all those rights to Mr. Howard, and he is aware of them, and I believe it is his desire not to come back into the courtroom today.

"THE COURT: You understand I will proceed with the trial on that issue?

"THE DEFENDANT: Yes, sir.

"THE COURT: Okay."

A bench trial on the prior went forward in defendant's absence. Defendant never executed a written waiver of his right to be present.

██ A criminal defendant has a right to be present at trial under the federal Constitution (U.S. Const., 6th & 14th Amends.; *Kentucky* v. *Stincer* (1987) 482 U.S. 730, 745 [96 L.Ed.2d 631, 647, 107 S.Ct. 2658]; *United States* v. *Gagnon* (1985) 470 U.S. 522, 526 [84 L.Ed.2d 486, 490, 105 S.Ct. 1482]), the state Constitution (Cal. Const., art. I, § 15), and state statutes (Pen. Code, §§ 977, subd. (b), 1043). (See generally, *People* v. *Johnson* (1993) 6 Cal.4th 1, 17 [23 Cal.Rptr.2d 593, 859 P.2d 673]; *People* v. *Jones* (1991) 53 Cal.3d 1115, 1140 [282 Cal.Rptr. 465, 811 P.2d 757].)

The federal right exists only at a "stage of the criminal proceeding that is critical to its outcome," and then only when the defendant's presence "would contribute to the fairness of the procedure." (*Kentucky* v. *Stincer, supra,* 482 U.S. at p. 745 [96 L.Ed.2d at p. 647]; see also *id.,* at p. 747, fn. 21.) Moreover, although the right to be present for the commencement of trial arguably cannot be waived (see *Crosby* v. *United States* (1993) 506 U.S. 255,

258-262 [122 L.Ed.2d 25, 30-33, 113 S.Ct. 748]), the right to be present thereafter is waived if (1) the defendant is disruptive (*Illinois* v. *Allen* (1970) 397 U.S. 337 [25 L.Ed.2d 353, 90 S.Ct. 1057]), or (2) the defendant is voluntarily absent. (*Taylor* v. *United States* (1973) 414 U.S. 17, 18-20 [38 L.Ed.2d 174, 176-178, 94 S.Ct. 194].)

Much like the federal right, the state right is not violated (or its violation is deemed harmless) " 'in situations where [the defendant's] presence does not bear a "reasonably substantial relation to the fullness of his opportunity to defend against the charge." ' " (*People* v. *Johnson, supra*, 6 Cal.4th at p. 18 [harmless], quoting *People* v. *Garrison* (1989) 47 Cal.3d 746, 782 [254 Cal.Rptr. 257, 765 P.2d 419]; see also *People* v. *Clark* (1993) 5 Cal.4th 950, 1012 [22 Cal.Rptr.2d 689, 857 P.2d 1099] [not violated]; *People* v. *Hardy* (1992) 2 Cal.4th 86, 178 [5 Cal.Rptr.2d 796, 825 P.2d 781] [harmless]; *People* v. *Cooper* (1991) 53 Cal.3d 771, 825 [281 Cal.Rptr. 90, 809 P.2d 865] [not violated].) The burden is on the defendant to demonstrate that his absence prejudiced his case or denied him a fair and impartial trial. (*People* v. *Jones, supra*, 53 Cal.3d at p. 1141; *People* v. *Douglas* (1990) 50 Cal.3d 468, 517 [268 Cal.Rptr. 126, 788 P.2d 640]; *People* v. *Garrison, supra*, 47 Cal.3d at p. 783; *People* v. *Bloyd* (1987) 43 Cal.3d 333, 360 [233 Cal.Rptr. 368, 729 P.2d 802]; *People* v. *Jackson* (1980) 28 Cal.3d 264, 310 [168 Cal.Rptr. 603, 618 P.2d 149].)

Also, again much like the federal right, the state right can be waived. Penal Code section 977, subdivision (b)(1) (hereafter section 977) provides: "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, *during those portions of the trial when evidence is taken before the trier of fact*, and at the time of the imposition of sentence. The accused shall be personally present *at all other proceedings* unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present . . . ." (Italics added.)

Reading this section in isolation, it might appear that the defendant's presence at certain critical stages of a criminal proceeding—including the presentation of evidence to the trier of fact—cannot be waived, even in writing. Section 977, however, must be read in combination with other statutory provisions. For example, despite the seemingly unqualified provision of section 977 that "the accused shall be present . . . at the time of the imposition of sentence," Penal Code section 1193 permits a trial court to sentence a defendant in absentia if (1) the defendant executes, and the court approves, a notarized written waiver of the right to be present, or (2) "after the exercise of reasonable diligence to procure the presence of the defendant,

the court shall find that it will be in the interest of justice that judgment be pronounced in his or her absence."

Similarly, Penal Code section 1043 (hereafter section 1043) permits a trial to go forward in the defendant's absence. (*People* v. *Edwards* (1991) 54 Cal.3d 787, 810 [1 Cal.Rptr.2d 696, 819 P.2d 436].) It provides that:

"(a) Except as otherwise provided in this section, the defendant in a felony case shall be personally present at the trial.

"(b) The absence of the defendant in a felony case after the trial has commenced in his presence shall not prevent continuing the trial to, and including, the return of the verdict in any of the following cases:

"(1) Any case in which the defendant, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that the trial cannot be carried on with him in the courtroom.

"(2) Any prosecution for an offense which is not punishable by death in which the defendant is voluntarily absent.

". . . . . . . . . . . . . . . . . . . . . . . . .

"(d) Subdivisions (a) and (b) shall not limit the right of a defendant to waive his right to be present in accordance with Section 977."

California cases have consistently held that a defendant can waive the right to be present at trial under section 1043. Thus, disruption, standing alone, waives the right to be present. (*People* v. *Price* (1991) 1 Cal.4th 324, 405-406 [3 Cal.Rptr.2d 106, 821 P.2d 610]; *People* v. *Sully* (1991) 53 Cal.3d 1195, 1239-1241 [283 Cal.Rptr. 144, 812 P.2d 163].) Similarly, voluntary absence, standing alone, even without any written waiver, constitutes a waiver of the right to be present at trial. (*People* v. *Lewis* (1983) 144 Cal.App.3d 267, 276-279 [192 Cal.Rptr. 257]; *People* v. *Snyder* (1976) 56 Cal.App.3d 195, 199-201 [128 Cal.Rptr. 297]; *People* v. *Vargas* (1975) 53 Cal.App.3d 516, 524-526 [126 Cal.Rptr. 88].)

In a case decided by this court, *People* v. *Connolly* (1973) 36 Cal.App.3d 379 [111 Cal.Rptr. 409], the defendant, who was on bail, was present for the first day of trial; the next day, he failed to show up. After a hearing into the reasons for the defendant's absence, the trial court found that he was absent

voluntarily, and ordered trial to proceed. The jury returned a verdict against him that same day. (*Id.*, at pp. 382-383.) We held that under section 1043, the issue on appeal was whether, on the whole record, the defendant's absence was knowing and voluntary. (36 Cal.App.3d at p. 385.) We upheld the judgment, finding that ". . . the evidence supports the conclusion of the court that defendant knowingly and voluntarily was absent from court." (*Id.*, at p. 387.)

We recognize that in *People* v. *Garrison, supra,* 47 Cal.3d 746, where the defendant orally waived his right to be present when the trial court responded to two requests from the jury, the Supreme Court stated, "defendant's oral waiver does not comply with the writing requirement of . . . section [977] . . . ." (*Id.*, at p. 782.) However, the court went on to hold that the error was not prejudicial. (*Ibid.*) Accordingly, the question of whether there was error at all was not essential to its holding. Also, no one appears to have been arguing that under section 1043, the defendant's voluntary absence made compliance with the writing requirement of section 977 unnecessary. ■ "Obviously, cases are not authority for propositions not considered therein." (*Roberts* v. *City of Palmdale* (1993) 5 Cal.4th 363, 372 [20 Cal.Rptr.2d 330, 853 P.2d 496], and cases cited.)

■ Here, the People purport to concede that under section 977, defendant's waiver had to be in writing, although they contend that the error was harmless. This concession is unwarranted, and we decline to accept it. There is no dispute that defendant knowingly and voluntarily absented himself from trial. The trial court properly proceeded with trial in his absence. No written waiver was necessary.

As an alternative ground for our decision, however, we agree that any error was harmless. Defendant cannot demonstrate that his absence prejudiced his case or denied him a fair and impartial trial. Defendant speculates that he "might have been able" to produce other photographs of himself, or to show that he was not in Washington in 1977, or to introduce evidence that he had never been known as "Berklin," but these are all matters defendant's attorney could have shown in defendant's absence. Defendant also claims he "could have chosen to testify on his own behalf regarding the truth of the alleged prior . . . ." This is artfully worded; it neatly sidesteps any claim that defendant could have testified he in fact *was not convicted* of the prior. Defendant did testify at the jury trial on the underlying offenses; it strains credulity to suppose he was unaware of his ability to testify in his own behalf at the bench trial on the prior. Also, if defendant could truthfully have

denied being convicted of the prior, we cannot believe his counsel would have acceded so readily to his wish to be absent.[5]

In sum, we hold that the trial court did not err by going forward with trial in defendant's absence, even without a written waiver, because defendant's absence was voluntary; and that even if a written waiver was otherwise required, the lack of one in this case was harmless because defendant's presence had no relationship to the fullness of his opportunity to defend.

## IV-VIII*

. . . . . . . . . . . . . . . . . . . . . . . . .

## IX

### Disposition

The sentence is reversed, and the case is remanded for resentencing. In all other respects, the judgment is affirmed.

Hollenhorst, Acting P. J., and McDaniel, J.,† concurred.

On August 28, 1996, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 20, 1996. Kennard, J., was of the opinion that the petition should be granted.

---

[5]Although no evidence to this effect was introduced at the trial on the prior, the probation report shows that defendant was born on the same date (May 28, 1959) and in the same place (Yuma, Arizona) as the "Berklin Howard" who was convicted of the prior.

*See footnote, *ante,* page 1526.

†Retired Associate Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.