COURT OF APPEALS DIV 1
2014 JAN 13 PM 12: 00



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68806-5-I |
| | ) | |
| Respondent. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.M.M. (dob 3/6/97), | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 13, 2014 |
| | ) | |

VERELLEN, J. — J.M.M. appeals his conviction of child molestation in the first degree, contending that the information failed to provide him notice of the essential element that the alleged "sexual contact" must have been "for the purpose of gratifying sexual desire," per RCW 9A.44.010(2). But sexual gratification merely defines the essential element of sexual contact, and is not itself an essential element. We affirm.

FACTS

On October 8, 2010, thirteen-year-old J.M.M. was left to babysit five-year-old K.P. for two hours while K.P.'s mother went grocery shopping. While the two boys were alone, J.M.M. told K.P. that he intended to put his "pee pee" in K.P.'s "butt."[1] J.M.M. then made K.P. take off his pants and expose his buttocks. J.M.M. rubbed his groin against K.P.'s buttocks and K.P. was able to feel J.M.M.'s penis through J.M.M.'s pants. J.M.M. told K.P. not to tell anyone about the contact. Within two hours after K.P.'s mother

---

[1] Clerk's Papers at 13 (Finding of Fact 9).

returned, K.P. told her what had happened. Three days later, K.P. repeated his account to child interview specialist Ashley Wilske.

On August 30, 2011, the State charged J.M.M. with one count of child molestation in the first degree, in violation of RCW 9A.44.083. Following a bench trial in Snohomish County Superior Court, J.M.M. was found guilty.

J.M.M. appeals.

## ANALYSIS

J.M.M. contends that his conviction must be reversed because the information omitted an essential element of first degree child molestation. We disagree.

A charging document must include all essential elements of a crime, statutory or otherwise, in order to provide a defendant with sufficient notice of the nature and cause of the accusation.[2] Where, as here, a defendant challenges the sufficiency of the information for the first time on appeal, this court construes the document liberally in favor of validity.[3] In making that determination, we ask "whether the essential elements appear in any form, or can be found by any fair construction, in the information, and, if so, whether the defendant was . . . actually prejudiced by the inartful language used."[4]

Pursuant to RCW 9A.44.083(1), "[a] person is guilty of child molestation in the first degree when the person has . . . sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." Our Supreme Court expressly held that this statute is

---

[2] State v. Kjorsvik, 117 Wn.2d 93, 97, 812 P.2d 86 (1991) ); see also State v. Saunders, ___ Wn. App. ___, 311 P.3d 601, 606 (2013).

[3] Kjorsvik, 117 Wn.2d at 102.

[4] State v. Brown, 169 Wn.2d 195, 197-98, 234 P.3d 212 (2010).

unambiguous in State v. Lorenz:

> RCW 9A.44.083 unambiguously states that a person is guilty of the crime of first degree of child molestation if (1) the perpetrator has sexual contact (2) with a victim who is less than twelve years old, and (3) the perpetrator is at least thirty six months older than the victim. The plain meaning rule applies.[5]

RCW 9A.44.010(2) further defines "sexual contact" as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party."

Here, the State charged that J.M.M. committed child molestation in the first degree by having "sexual contact with K.P."[6] J.M.M. argues that the State was required to prove that his sexual contact with K.P. occurred for the purpose of gratifying sexual desire, and that the charging document was inadequate because it failed to include this element. But contrary to J.M.M.'s argument, the Lorenz court expressly held that sexual gratification is not an element of child molestation:

> The legislature codified "sexual contact" as an essential element of first degree child molestation. The definition of "sexual contact" is in RCW 9A.44.010(2), a wholly separate section of chapter 9A.44 RCW, entitled "Definitions." Had the legislature intended a term to serve as an element of the crime, it would have placed "for the purposes of sexual gratification" in RCW 9A.44.083. Rather the definition of "sexual contact" clarifies the meaning such that it excludes inadvertent touching or contact from being a crime.[7]

On this basis, the Lorenz court held that under the statute's plain meaning, sexual gratification is not an essential element of child molestation in the first degree but rather a definition clarifying the meaning of the essential element of "sexual contact."[8]

---

[5] 152 Wn.2d 22, 34, 93 P.3d 133 (2004) (emphasis omitted).

[6] Clerk's Papers at 93

[7] Lorenz, 152 Wn.2d at 34.

[8] Id. at 34-35.

No. 68806-5-I/4

Accordingly, we conclude that all of the essential elements of child molestation in the first degree were contained in the document charging J.M.M.

J.M.M.'s argument that that sexual gratification is an element of the offense that must be alleged in the information is incorrect, and is not supported by the other authorities he cites. State v. Stevens did not involve a challenge to the adequacy of a charging document or to-convict instruction but rather a challenge to the trial court's refusal to give a proposed jury instruction relevant to the defense theory that the defendant's intoxication was relevant to determine whether the defendant "acted with intent and/or knowledge."[9] In Stevens, the Supreme Court discussed its holding in Lorenz and reiterated that the State had the burden of proving that sexual contact occurred for the purpose of sexual gratification to prove child molestation, but that this did not amount to an element of the offense:

> In order to prove "sexual contact," the State must establish the defendant acted with a purpose of sexual gratification. Thus, while sexual gratification is not an explicit element of . . . child molestation, the State must prove a defendant acted for the purpose of sexual gratification.[10]

Likewise, State v. French did not involve a challenge to the adequacy of a charging document, but addressed an appellant's argument that, after Lorenz, intent is not an element of child molestation that would preclude charging child molestation as a lesser included offense of child rape.[11] The French court reiterated that "[s]exual contact, an element of child molestation . . . continues to require a showing of purpose or intent,"[12]

---

[9] 158 Wn.2d 304, 308-09, 143 P.3d 817 (2006).

[10] Id. at 309-10.

[11] 157 Wn.2d 593, 610-11, 141 P.3d 54 (2006).

[12] Id. at 611.

4

but does not support the proposition that sexual gratification must be included in the information.[13]

J.M.M.'s argument that RCW 9A.44.083 is ambiguous fails in light of the <u>Lorenz</u> court's contrary conclusion. Because the essential elements appear expressly in the information and J.M.M. fails to establish that he was prejudiced by any vague or inartful language in the information, J.M.M. fails to demonstrate that he is entitled to appellate relief.

Affirmed.

WE CONCUR:

_____
Leach, C.J.

_____
Verellen, J.

_____
Becker, J.

---

[13] <u>See also</u> <u>State v. Gurrola</u>, 69 Wn. App. 152, 157, 848 P.2d 199 (1993) (pre-<u>Lorenz</u> decision holding that sexual gratification is not an element of child molestation and need not be included in the charging document).