[No. 27237-7-II. Division Two. August 16, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL JOHN ZATKOVICH, *Appellant*.

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*Gerald A. Horne, Prosecuting Attorney*, and *Michelle Luna-Green, Deputy*, for respondent.

HUNT, C.J. — Michael Zatkovich appeals his exceptional sentence for stalking, which he claims is excessive, factually unsupported, and in conflict with the "real facts" doctrine. He argues further that his trial counsel was ineffective. Finding no error, we affirm.

## FACTS

On May 8, 2000, the State charged Zatkovich with violating a protective order, RCW 26.50.110(1); stalking,

RCW 9A.46.110; third degree malicious mischief, RCW 9A.48.090(1)(a) and (2)(a); and reckless driving, RCW 46-.61.500. He entered an *Alford-Newton*[1] guilty plea to each count.

Zatkovich's attorney told the trial court that (1) he had fully discussed the guilty plea with Zatkovich, (2) Zatkovich understood that the court could review the State's probable cause statement, and (3) Zatkovich had read and understood the guilty plea statement. The trial court asked Zatkovich if he (1) understood that he was forfeiting his constitutional jury trial rights, (2) understood that the standard range for each count was up to 365 days confinement and 12 months community placement, (3) understood that the court was not required to follow any party's sentencing recommendation, and (4) was entering the guilty plea knowingly and voluntarily. Zatkovich answered each question affirmatively. The court accepted Zatkovich's guilty plea and noted on the record that it was incorporating the probable cause declaration as the factual basis for the plea.

At the sentencing, the parties agreed that in determining whether to impose an exceptional sentence, the court could rely on the State's statement of facts in its memorandum in support of an exceptional sentence. The State compiled these facts from victim Tonya Christy's affidavit (formerly Zatkovich) in a prior civil action and from police report allegations of Zatkovich's assaultive, harassing, and stalking behavior. Christy had also given a statement at the time of Zatkovich's guilty plea, describing in detail the fear and mental torment that Zatkovich created in her life: Zatkovich appeared at her house at 3:00 A.M., cut the power lines, turned off the heating, menaced her at work, forced her off the road, hit her, extorted her, pulled wires off her car engine, threatened to cut her throat and watch her bleed to death, and told her son that she was dead.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v. Newton*, 87 Wn.2d 363, 552 P.2d 682 (1976).

Zatkovich requested the standard range sentence, 0-12 months. He argued that the State's reasons for an exceptional sentence were faulty because stalking includes repeated incidents of harassment, but it does not include the aggravating factor deliberate cruelty or uncharged allegations of assault. Zatkovich also argued that the protection order violation occurred during marriage counseling and that Christy had consented to this contact with him.

The court sentenced Zatkovich to 12 months on Counts I, III, and IV. It imposed an exceptional, 60-month sentence on Count II, stalking.

## ANALYSIS

### I. EXCEPTIONAL SENTENCE

■ Former RCW 9.94A.210(4) (2000) governs our review of an exceptional sentence. We determine the appropriateness of an exceptional sentence by answering three questions: (1) whether evidence in the record supports the sentencing judge's reasons, under the clearly erroneous standard of review, (2) whether those reasons justify departure from the standard range as a matter of law, and (3) whether the sentence is clearly too excessive or too lenient, under the abuse of discretion standard of review.[2] *State v. Ferguson*, 142 Wn.2d 631, 646, 15 P.3d 1271 (2001); former RCW 9.94A.210(4). We examine each factor in turn.

### A. EVIDENTIARY SUPPORT

#### 1. Evidentiary Hearing

Zatkovich contends that the trial court erred by failing to conduct an evidentiary hearing sua sponte and by consid-

---

[2] If a trial court has given valid reasons for imposing an exceptional sentence, and if the evidence supports those reasons, the court need not justify the length of the exceptional sentence. *State v. Ritchie*, 126 Wn.2d 388, 392, 894 P.2d 1308 (1995).

ering unstipulated evidence in violation of the "real facts" doctrine.

■■ The "real facts" doctrine requires the court to base a defendant's sentence on the defendant's current conviction, his criminal history, and the circumstances surrounding the crime for which he is being sentenced. *State v. Morreira*, 107 Wn. App. 450, 458, 27 P.3d 639 (2001); *State v. Taitt*, 93 Wn. App. 783, 790, 970 P.2d 785 (1999), *review denied*, 145 Wn.2d 1013 (2001). The court need not hold an evidentiary hearing where the defendant does not object to specific factual statements in the presentence report and he does not request a hearing to challenge disputed statements. *State v. Garza*, 123 Wn.2d 885, 889, 872 P.2d 1087 (1994). If a defendant does not object to specific information presented at sentencing, he implicitly acknowledges that he does not dispute that information. *State v. Handley*, 115 Wn.2d 275, 282, 796 P.2d 1266 (1990) (citing former RCW 9.94A.370(2) (2000)).[3] Such is the case here.

■ Although Zatkovich asked the court to disregard unproven allegations when sentencing him on the stalking charge, he did not specifically object[4] to any facts in the

---

[3] RCW 9.94A.530(2) provides:

In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. *Acknowledgment includes not objecting to information stated in the presentence reports.* Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence. Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the standard sentence range except upon stipulation or *when specifically provided for in RCW 9.94A.535(2)(d), (e), (g), and (h).*

(Emphasis added.)

[4] Zatkovich argued:

First is that an exceptional sentence can only be imposed for conduct that is not already encompassed by the charge itself. And in this case, the stalking charge requires, as one of its elements, that there is a repeated harassment or repeated following of the victim. And that is what the State has provided factual information of as a basis for an exceptional sentence.

. . . [T]hat [information] is already encompassed within the charge itself, and so you cannot impose an exceptional sentence based upon that conduct. It's

presentence report and he did not request an evidentiary hearing. Thus, the trial court properly deemed that information acknowledged by Zatkovich. *See Garza*, 123 Wn.2d at 890.

Moreover, Zatkovich entered an *Alford* plea, acknowledging that the facts the State proffered would likely result in a guilty verdict if he went to trial. Before sentencing, the State filed a memorandum in support of an exceptional sentence upward. Zatkovich did not challenge the presentence report, which outlined extensive, aggravating, violent circumstances surrounding Zatkovich's charges. Absent Zatkovich's objection, the trial court was not required to hold an evidentiary hearing and was, instead, entitled to rely on the report in determining whether to impose an exceptional sentence. Zatkovich cannot now claim violation of the "real facts" doctrine where he failed to object to the State's evidence and failed to demand an evidentiary hearing.

## 2. Zatkovich's Ongoing Harassment

■■ Zatkovich next argues that the evidence does not support the State's contention that he repeatedly harassed and stalked the victim and her family because the trial court failed to create a reviewable record. We disagree. The trial court relied on the victim's extensive statement as well as the State's sentencing memorandum. Thus, the trial court's imposition of an exceptional sentence is supported with a sufficient record and evidence.

---

already been considered by the legislature in setting the standard range. It is, in fact, this repeated harassment or following that is alleged here that is already part and parcel of the stalking charge. The legislature has already taken that into account, and therefore can't be a basis for an exceptional sentence.

As to deliberate cruelty, which is argued by the State, that does require that there be gratuitous violence, violence which is done for an end unto itself. Something that is not commonly associated with the crime, and something—it has to be significantly more egregious and serious than is typical, and I don't think that that applies here either.

Report of Proceedings (RP) at 28-29.

When a trial court lists more than one justification for an exceptional sentence and each ground is an independent justification, we affirm the sentence if one of the grounds is valid. *See State v. Negrete*, 72 Wn. App. 62, 71, 863 P.2d 137 (1993). Here, the victim described Zatkovich's behavior that caused her to fear for herself and her family; and she testified in detail about Zatkovich's harassing and violent behavior. Additionally, in the unchallenged presentence report, the State argued:

> The sentencing guidelines specify an exceptional sentence may be imposed if there are "substantial and compelling reasons" justifying an exceptional sentence. In this instance, it would appear an exceptional sentence upward is reasonable. Mr. Zatkovich caused [the victim] to fear for her life and the life of her two young sons. This anxiety caused by Zatkovich's actions was over a lengthy period of time.

Clerk's Papers (CP) at 20.

In its oral ruling, the trial court stated:

> With regard to Count II, Mr. Zatkovich, I am going to impose an exceptional sentence beyond the standard range. I find that the current offenses [sic], stalking as charged in Count II, involves domestic violence as defined under the statute. This offense was part of an ongoing pattern of physical abuse of the victim, manifested by multiple incidents over a prolonged period of time. It amounts to a fatal attraction syndrome, which is beyond what the legislature indicated for stalking, unranked offense, 0 to 12 months, nonviolent.
>
> The second basis is independent of the first, so either would stand for an exceptional sentence is that your conduct committed during this offense manifest deliberate cruelty to the victim, beyond which is normally contemplated in a stalking offense.

Report of Proceedings at 48-49. Clearly, ample evidence supported the trial court's imposition of an exceptional sentence.

## B. Exceptional Sentence Justified as a Matter of Law

██ In determining whether an aggravating factor legally supports departure from the standard sentencing range, we employ a two-part test: (1) the trial court may not base an exceptional sentence on factors the legislature necessarily considered in establishing the standard sentencing range and (2) the aggravating factor must be sufficiently substantial and compelling to distinguish the crime in question from others in the same category. *State v. Ha'mim*, 132 Wn.2d 834, 840, 940 P.2d 633 (1997).

### 1. Domestic Violence: Pattern of Abuse

██ Zatkovich asserts that Conclusion of Law No. II, focusing on the domestic violence and an ongoing pattern of psychological abuse,[5] cannot be used as an aggravating factor to justify an exceptional sentence because repeated harassment and intimidation are elements of a separate stalking charge under RCW 9A.46.110.[6]

---

[5] Conclusion of Law No. II reads: "[T]he defendant's current offense of stalking involved domestic violence, as defined in RCW 10.99.020, and the offense was part of an ongoing pattern of psychological abuse of the victim manifested by multiple incidents over a prolonged period of time. RCW 9.94A.390(2)(h)(i)." CP at 57.

[6] RCW 9A.46.110 provides:

(1) A person commits the crime of stalking if, without lawful authority and under circumstances not amounting to a felony attempt of another crime:

(a) He or she intentionally and repeatedly harasses or repeatedly follows another person; and

(b) The person being harassed or followed is placed in fear that the stalker intends to injure the person, another person, or property of the person or of another person. The feeling of fear must be one that a reasonable person in the same situation would experience under all the circumstances; and

(c) The stalker either:

(i) Intends to frighten, intimidate, or harass the person; or

(ii) Knows or reasonably should know that the person is afraid, intimidated, or harassed even if the stalker did not intend to place the person in fear or intimidate or harass the person.

. . . .

(4) Attempts to contact or follow the person after being given actual notice that the person does not want to be contacted or followed constitutes prima facie evidence that the stalker intends to intimidate or harass the person.

The State counters that facts establishing the elements of a more serious crime or additional crimes may be used to justify exceeding the standard sentence range because of specific RCW 9.94A.530 exceptions. We agree. Here, that exception is domestic violence.

RCW 9.94A.535(2)(h) prescribes domestic violence, plus one of three alternative factors, as an aggravating circumstance justifying an exceptional sentence:

The current offense involved *domestic violence*, as defined in RCW 10.99.020, *and* one or more of the following was present:

(i) The offense was part of an *ongoing pattern of psychological, physical, or sexual abuse* of the victim manifested by multiple incidents over a prolonged period of time;

(ii) The offense occurred within sight or sound of the victim's or the offender's minor children under the age of eighteen years; or

(iii) The offender's conduct during the commission of the current offense manifested deliberate cruelty or intimidation of the victim.

"Contact" includes, in addition to any other form of contact or communication, the sending of an electronic communication to the person.

(5) A person who stalks another person is guilty of a gross misdemeanor except that the person is guilty of a class C felony if any of the following applies: (a) The stalker has previously been convicted in this state or any other state of any crime of harassment, as defined in RCW 9A.46.060, of the same victim or members of the victim's family or household or any person specifically named in a protective order; (b) the stalking violates any protective order protecting the person being stalked; (c) the stalker has previously been convicted of a gross misdemeanor or felony stalking offense under this section for stalking another person; . . . .

(6) As used in this section:

(a) "Follows" means deliberately maintaining visual or physical proximity to a specific person over a period of time. A finding that the alleged stalker repeatedly and deliberately appears at the person's home, school, place of employment, business, or any other location to maintain visual or physical proximity to the person is sufficient to find that the alleged stalker follows the person. It is not necessary to establish that the alleged stalker follows the person while in transit from one location to another.

(b) "Harasses" means unlawful harassment as defined in RCW 10.14.020.

(c) "Protective order" means any temporary or permanent court order prohibiting or limiting violence against, harassment of, contact or communication with, or physical proximity to another person.

(d) "Repeatedly" means on two or more separate occasions.

(Emphasis added.) RCW 10.99.020(3)(v), in turn, provides that " '[d]omestic violence' includes but is not limited to any of the following crimes when committed by one family or household member against another: . . . Stalking (RCW 9A.46.110)[.]"

Here, the trial court properly considered facts demonstrating Zatkovich's ongoing pattern of domestic, emotional, and physical abuse of the victim and his violence toward her in front of their minor children. It was this extreme domestic violence that the trial court used as the aggravating factor to justify an exceptional sentence for Zatkovich's stalking conviction.

"A trial court may consider domestic violence as an aggravating circumstance if the offense involved domestic violence, as defined in RCW 10.99.020(3), and the defendant either (1) committed the offense as 'part of an ongoing pattern of psychological, physical, or sexual abuse of the victim manifested by multiple incidents over a prolonged period of time,' (2) committed the offense in the presence of minor children, or (3) manifested deliberate cruelty or intimidation of the victim while committing the offense." *State v. Goodman*, 108 Wn. App. 355, 360-61, 30 P.3d 516 (2001), *review denied*, 145 Wn.2d 1036 (2002) (quoting former RCW 9.94A.390(2)(h) (2000)). Here, Zatkovich's stalking offense involved repeated incidents of psychological and physical abuse in the presence of their minor children, as described above, and deliberate cruelty, as detailed below. Therefore, the exceptional sentence is justified.

2. Deliberate Cruelty

Next, Zatkovich argues that in determining deliberate cruelty, the trial court erroneously relied on the aggravating factor "[t]hat the defendant's conduct during the commission of the stalking offense manifested deliberate cru-

elty or intimidation of the victim. RCW 9.94A.390(2)(h)(iii)."[7] CP at 57.

■ The threshold for deliberate cruelty is high.[8] Deliberate cruelty is "gratuitous violence, or other conduct which inflicts physical, psychological or emotional pain as an end in itself." *State v. Strauss*, 54 Wn. App. 408, 418, 773 P.2d 898 (1989). The trial court's reasons for imposing an exceptional sentence may not take into account factors already considered in computing the presumptive range for the offense. *See State v. Armstrong*, 106 Wn.2d 547, 550-51, 723 P.2d 1111 (1986). Rather, the cruelty must be " 'of a kind not usually associated with the commission of the offense in question.' " *State v. Payne*, 45 Wn. App. 528, 531, 726 P.2d 997 (1986) (quoting *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn. 1981)).

■ Zatkovich's conduct while stalking manifested deliberate cruelty or intimidation of his victim. Zatkovich pushed the victim out of his car, left her on the side of the road, and drove off with their young son, telling him that his mother was dead. Zatkovich hit the victim while she was pregnant and often told her that he wished she and the baby were dead. When the baby was only eight days old, Zatkovich, in the victim's presence, threatened to kill himself and take the children with him. He hit the victim while she held the baby, kicked her, and stomped on her feet. In spite of multiple encounters with police and multiple assault charges, Zatkovich continued to assault, to threaten, and to harass the victim. The trial court was justified as a matter of law in imposing an exceptional sentence.

---

[7] RCW 9.94A.390(2)(h)(iii) recodified as RCW 9.94A.535(2)(h)(iii) reads: "The offender's conduct during the commission of the current offense manifested deliberate cruelty or intimidation of the victim."

[8] *See State v. Baird*, 83 Wn. App. 477, 488, 922 P.2d 157 (1996) (rendering victim unconscious and mutilating her face was deliberate cruelty), *review denied*, 131 Wn.2d 1012 (1997); and *State v. Falling*, 50 Wn. App. 47, 55, 747 P.2d 1119 (1987) (defendant who raped victim was deliberately cruel by threatening to kill or injure victim and calling her a "bitch").

## C. Not Clearly Excessive

██ ██ A trial court may impose an exceptional sentence when it finds substantial and compelling supporting reasons, set forth in written findings and conclusions. Former RCW 9.94A.120(2), (3) (2000); *State v. Gore*, 143 Wn.2d 288, 315, 21 P.3d 262 (2001). Here, the trial court set forth its justification for the exceptional sentence in detail:

> [T]he defendant's current offense of stalking involved domestic violence, as defined in RCW 10.99.020, and the offense was part of an ongoing pattern of psychological abuse of the victim manifested by multiple incidents over a prolonged period of time. RCW 9.94A.390(2)(h)(i).

Conclusion of Law No. II, CP at 57. "[T]he defendant's conduct during the commission of the stalking offense manifested deliberate cruelty or intimidation of the victim. RCW 9.94A.390(2)(h)(iii)." Conclusion of Law No. III, CP at 57. The trial court did not abuse its discretion in imposing a 60-month exceptional sentence.

## II. Ineffective Assistance of Counsel

Next, in the alternative, Zatkovich argues that his trial counsel was ineffective because he did not specifically object to all of the State's allegations of uncharged misconduct, and he did not request an evidentiary hearing.

██ To prove a claim of ineffective assistance, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *State v. Bowerman*, 115 Wn.2d 794, 808, 802 P.2d 116 (1990) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Our scrutiny of counsel's performance is highly deferential, and we engage in a strong presumption of reasonableness. *State v. Day*, 51 Wn. App. 544, 553, 754 P.2d 1021 (1988). "If counsel's conduct can be characterized as legitimate trial strategy or tactics, it cannot serve as a basis for a claim of ineffective assistance." *Day*, 51 Wn. App. at 553. We make

every effort "to eliminate the distorting effects of hindsight and must strongly presume that counsel's conduct constituted sound trial strategy." *In re Rice*, 118 Wn.2d 876, 888-89, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992) (citing *Strickland*, 466 U.S. at 689).

██ Here, defense counsel's "failure" to request an evidentiary hearing is readily understandable because clearly a hearing would have underscored the extreme gravity of Zatkovich's behavior, to his detriment. Zatkovich has not demonstrated ineffective assistance of counsel.

Accordingly, we affirm Zatkovich's exceptional sentence.

SEINFELD and ARMSTRONG, JJ., concur.

