IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 29899-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RICHARD DUANE BUNCH, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Richard Bunch sexually attacked a nine-year-old girl. A jury found

Mr. Bunch guilty of first degree kidnapping, luring, first degree rape, first degree rape of

a child with a predatory finding, and first degree child molestation with a predatory

finding. The sentencing court merged the kidnapping conviction with the rape conviction

and then sentenced Mr. Bunch to a standard range sentence for the remaining counts. The

court also imposed an exceptional sentence, ordering the sentence for first degree rape to

run consecutively with the sentences for luring, first degree rape of a child, and first

degree child molestation. Mr. Bunch appeals. He contends that he was denied his right

to a unanimous jury verdict, that the lack of a "separate and distinct act" jury instruction

violated double jeopardy, that his convictions constituted the same criminal conduct for

scoring purposes, and that the court erred by imposing the exceptional sentence.

We affirm the convictions, but we conclude that the rape and child rape constituted the same criminal conduct for sentencing purposes. Mr. Bunch's offender score is reduced from 17 to 14. Finally, we affirm the trial court's exceptional sentence.

## FACTS

On July 19, 2008, 9-year-old L.J. attended a barbeque in Ellensburg, Washington. While at the barbeque, L.J., her 12-year-old brother, R.J., and their 10-year-old friend, D.K., went across the street to the Central Washington University Japanese Garden to look at the water skippers.

An unknown man joined the children in the garden. A short while later, D.K. asked R.J. to show him to the bathroom. The man promised to watch L.J. while her companions were gone. After the companions left, the man told L.J. of a bird's nest in a corner of the garden. L.J. followed the man, but did not see the nest. Instead, the man pulled L.J. by her arm, pushed her down behind some bushes, and held her to the ground. He covered her mouth and told her to shut up and be still.

The man proceeded to assault L.J. He pulled down L.J.'s pants and panties. He licked the girl's genitals and painfully penetrated her vagina with his finger, which caused her to bleed. The man pulled down his pants and rubbed his penis on her legs as he kissed and licked L.J.'s face. He inserted his tongue in L.J.'s mouth.

R.J. and D.K. returned to the garden after being gone about five minutes. R.J. heard screaming. He ran to the corner of the garden and discovered the man standing over his crying sister, both naked from the waist down. R.J. yelled at the man to leave; the man pulled up his pants and ran away. L.J. put on her clothes and the children ran back to the barbeque.

L.J. told her parents and an off duty police officer about the assault. L.J. was taken to a hospital where a sexual assault nurse examined her and collected evidence for a rape kit. L.J. reported the details of the assault to an investigating officer and to a child forensics interviewer.

About three months later, the Washington State Crime Laboratory reported a positive DNA[1] match for Mr. Bunch from saliva swabs taken from L.J.'s face. Shortly thereafter, R.J. and D.K. identified Mr. Bunch in a police photomontage as the

---

[1] Deoxyribonucleic acid.

3

perpetrator. L.J. narrowed the photomontage down to two persons, one of whom was Mr. Bunch.

Mr. Bunch was charged with kidnapping, luring, first degree rape, first degree rape of a child, and first degree child molestation. The information also alleged that Mr. Bunch's commission of the crime was predatory.

At the trial on March 8, 2011, several witnesses testified, including L.J., R.J., and D.K. A jury found Mr. Bunch guilty of all charges. In addition, the jury found that the crimes of first degree child rape and first degree child molestation were predatory.

At sentencing, Mr. Bunch requested that the crimes of first degree rape and first rape of a child be merged or, in the alternative, count as the same criminal conduct. The trial court denied the request. In its oral ruling, the court concluded that first degree rape, first degree rape of a child, and child molestation do not have the same elements so double jeopardy did not preclude the court from sentencing Mr. Bunch on all three convictions. Specifically, the court concluded that the intent element is different between first degree child rape and child molestation. While the court denied merger of the rape convictions, the trial court merged the crimes of first degree rape and kidnapping.

Mr. Bunch's criminal history included two 2009 Nevada felony convictions: one for luring a child and another for lewdness with a child under the age of 14, with the

4

lewdness offense classified as a sex offense. Mr. Bunch's criminal history also included

three 2010 Thurston County convictions: one for first degree rape, another for first degree

robbery with sexual motivation, and a third for first degree kidnapping, with the rape and

robbery convictions classified as sex offenses. For purposes of determining the offender

score, the court treated the Thurston County kidnapping and rape convictions as one

offense.

Based on Mr. Bunch's criminal history and current offenses, the court found that

Mr. Bunch's offender score was 17.

The court sentenced Mr. Bunch to 318 months to life for first degree child rape

with a predatory finding, 300 months to life for child molestation with a predatory

finding, 12 months for luring, and 318 months to life for first degree rape.[2]

The court imposed an exceptional sentence and ordered the sentence for first

degree rape to run consecutive to the sentences for child rape, molestation, and luring. In

support of the exceptional sentence, the court stated at the sentencing hearing that

---

[2] Presumably, the court determined the standard range sentence according to
RCW 9.94A.507. "If the offense that caused the offender to be sentenced under this
section was rape of a child in the first degree, rape of a child in the second degree, or
child molestation in the first degree, and there has been a finding that the offense was
predatory under RCW 9.94A.836, the minimum term shall be either the maximum of the
standard sentence range for the offense or twenty-five years, whichever is greater." RCW
9.94A.507(3)(c)(ii).

RCW 9.94A.535(2) allowed the court to go beyond the sentencing range in situations where a high offender score results in some current offenses going unpunished. The court found that such a sentence was appropriate, specifically regarding the first degree rape, first degree rape of a child, and first degree child molestation. The court noted that the fact that a child was involved added to the gruesomeness of the event, and failing to sentence Mr. Bunch accordingly would allow the first degree child rape to go unpunished.

The judgment and sentence included a handwritten finding that mirrored the court's oral ruling. The court noted that an exceptional sentence was justified under RCW 9.94A.535(2) because "multiple offenses committed would not be adequately punished unless the court exceeds the standard range, hence cts 4 [first degree child rape], 5 [first degree child molestation] and 2 [luring] are consecutive to count 3 [first degree rape] to reflect that the victim of the crime was a 9 year old child." Clerk's Papers (CP) at 346.

Mr. Bunch appeals his sentence. He contends that he was denied his right to a unanimous jury verdict, that the lack of a "separate and distinct act" jury instruction violated double jeopardy, that his convictions constitute the same criminal conduct and should have been sentenced under one offense, and that the court erred by imposing the exceptional sentence.

ANALYSIS

*Jury Instructions.* Generally, a defendant's failure to object to jury instructions at trial results in a waiver of the right to challenge the instruction on appeal. However, an error may be raised for the first time on appeal if it "'invades a fundamental right of the accused.'" *State v. Levy*, 156 Wn.2d 709, 719, 132 P.3d 1076 (2006) (quoting *State v. Becker*, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997)).

A violation of the right to a unanimous jury verdict is an error of constitutional magnitude and can be raised for the first time on appeal. *State v. Bobenhouse,* 166 Wn.2d 881, 892 n.4, 214 P.3d 907 (2009). A double jeopardy violation is also an error of constitutional magnitude and can also be raised for the first time on appeal. *State v. Mutch*, 171 Wn.2d 646, 661, 254 P.3d 803 (2011). Our review of the alleged constitutional errors is de novo. *Id.* at 661-62.

Mr. Bunch contends that he was denied his right to a unanimous jury verdict because the jury was not instructed that it needed to unanimously agree on the specific act that established the child molestation. He also contends that the lack of a "separate and distinct act" jury instruction offended double jeopardy because members of the jury could

have decided that the same act constituted the basis for the child molestation and first

degree rape convictions.[3]

*Unanimity.* A defendant has a state constitutional right to a unanimous verdict,

and a federal constitutional right to a jury trial. *State v. Kitchen*, 110 Wn.2d 403, 409,

756 P.2d 105 (1988); CONST. art. I, § 22; U.S. CONST. amend. VI. The right to a

unanimous jury verdict requires that the jury members unanimously conclude that the

defendant committed the criminal act with which he is charged. *State v. Petrich*, 101

Wn.2d 566, 569, 683 P.2d 173 (1984). Where the evidence indicates that several distinct

criminal acts have been committed and can form the basis of the one count charged, the

State must inform the jury of the criminal act on which the charge is based or,

alternatively, the court must inform the jury to agree on the specific criminal act. *Id.* at

572.

The *Petrich* unanimity rule is applicable only in situations where the State presents

evidence of "several distinct acts." *State v. Handran*, 113 Wn.2d 11, 17, 775 P.2d 453

---

[3] Contentions based on jury unanimity and on double jeopardy are fundamentally different. *State v. Ellis*, 71 Wn. App. 400, 404, 859 P.2d 632 (1993). "[A contention] asserting that all jurors must agree on the same act underlying any given count has to do with jury unanimity and the right to jury trial. [A contention] asserting that the jury could not use the same act as a factual basis for more than one count has to do with the right against double jeopardy; at least in the context here, to use one act as the basis for two counts is to convict twice for the same crime." *Id.*

(1989) (citing *Petrich*, 101 Wn.2d at 571). The rule does not apply where the evidence shows a "'continuing course of conduct.'" *Handran*, 113 Wn.2d at 17 (quoting *Petrich*, 101 Wn.2d at 571).

In determining whether the criminal conduct constitutes one continuing act, we evaluate the facts in a commonsense manner. *Id.* Evidence that the criminal conduct occurred at different times and places suggests that several distinct acts occurred. *Id.*

In *Handran*, Mr. Handran climbed through the window of his ex-wife's apartment, leaned over her, and kissed her while he was nude. *Id.* at 16. She asked him to leave, but instead Mr. Handran pinned her down and hit her in the face. *Id.* The court rejected Mr. Handran's contention that a unanimity instruction was needed as to what act constituted the assault charge. *Id.* at 17. After noting that Mr. Handran's alleged criminal conduct occurred in one place during a short period of time with the same victim and aggressor, the court concluded, "Under a commonsense evaluation of these facts, the actions evidence a continuing course of conduct to secure sexual relations with his ex-wife, whether she consented or not, rather than several distinct acts." *Id.*

Here, the trial court did not err by failing to give a unanimity instruction. The evidence does not indicate several distinct acts by Mr. Bunch. Instead, under a commonsense evaluation of the facts, Mr. Bunch's actions constitute a continuous course

of conduct. As in *Handran*, Mr. Bunch's alleged criminal conduct occurred in one place, between the same victim and aggressor, and within a short period of time. Mr. Bunch's predatory attack on L.J. in the garden was not a series of several distinct acts. Therefore, a *Petrich* unanimity instruction was not needed. Mr. Bunch was not deprived of jury unanimity.

*Double Jeopardy.* The constitutional guaranty against double jeopardy protects a defendant against multiple punishments for the same offense. U.S. CONST. amend. V; CONST. art. I, § 9.

Generally, where one or more acts are alleged that each could lead to convictions on multiple counts, jury instructions are lacking if they do not inform the jury that each count must be based on a "separate and distinct act" to protect against a double jeopardy violation. *Mutch*, 171 Wn.2d at 663. "However, flawed jury instructions that permit a jury to convict a defendant on multiple counts based on a single act do not necessarily mean that the defendant received multiple punishments for the same offense; it simply means that the defendant *potentially* received multiple punishments for the same offense." *Id.* If the instructions do not inform the jury that each count must be based on a separate and distinct act, this court must determine whether the evidence, arguments, and instructions made the separate acts requirement "'*manifestly apparent* to the jury.'"

10

*Id.* at 664 (quoting *State v. Berg*, 147 Wn. App. 923, 931, 198 P.3d 529 (2008), *abrogated on other grounds*, *Mutch*, 171 Wn.2d 646). If the separate acts requirement was not manifestly apparent, the convictions that potentially violate double jeopardy must be vacated. *Id.*

When two counts charge similar crimes, an ordinary juror would understand that each count requires proof of a different act. *Ellis*, 71 Wn. App. at 406.

Child molestation requires proof of "sexual contact" with a child. RCW 9A.44.089(1). "Sexual contact" means any "touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

Child rape requires proof of "sexual intercourse" with a child. RCW 9A.44.079(1). "Sexual intercourse" can be proved with evidence of some form of penetration, but it can also be proved by "any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another." RCW 9A.44.010(1)(c).

Here, the lack of a "separate and distinct act " instruction does not violate double jeopardy. The evidence and jury instructions make it manifestly apparent that the State was basing each count on different acts. First, the jury instructions informed the jury of

the different requirements to find child molestation and child rape. Second, in closing arguments, the State discussed the different elements of child rape and child molestation. Third, the evidence supports both offenses. L.J. clearly testified that Mr. Bunch rubbed his penis against her, and that he digitally penetrated her vagina. Thus, any ordinary juror would understand that each count requires proof of a different act. The lack of a jury instruction that each count must be based on a "separate and distinct act" did not result in a double jeopardy violation.

Mr. Bunch's right to a unanimous jury verdict was not violated by the lack of a *Petrich* jury instruction, and Mr. Bunch's right to be free from double jeopardy was not violated by the lack of a "separate and distinct act" jury instruction.

*Same Criminal Conduct.* We review the trial court's determination of what constitutes the same criminal conduct for an abuse of discretion or misapplication of the law. *State v. Graciano*, __ Wn.2d __, 295 P.3d 219, 223 (2013). "Under this standard, when the record supports only one conclusion on whether crimes constitute the 'same criminal conduct,' a sentencing court abuses its discretion in arriving at a contrary result." *Id.* (citing *State v. Rodriguez*, 61 Wn. App. 812, 816, 812 P.2d 868 (1991)). "But where the record adequately supports either conclusion, the matter lies in the court's discretion." *Id.*

Mr. Bunch contends that his current convictions for kidnapping, luring, first degree rape, first degree child rape, and first degree child molestation constitute the same criminal conduct for sentencing purposes because all the offenses involved the same time, place, victim, and criminal intent. He alleges that each crime furthered the next, with the ultimate criminal intent being forcible sexual gratification.

When sentencing a person for multiple current offenses, the sentencing court determines the offender score by considering all other current and prior convictions as if they were prior convictions. RCW 9.94A.589(1)(a). However, if the sentencing court finds that some or all of the current offenses encompass the same criminal conduct, then those offenses may only be counted as one single crime. RCW 9.94A.589(1)(a).

"'Same criminal conduct' . . . means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). Unless all three of these elements are present, the offenses do not constitute the same criminal conduct and must be counted separately in calculating the offender score. *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). The legislature intended that the courts construe RCW 9.94A.589(1)(a) narrowly in order to disallow most assertions of same criminal conduct. *State v. Wilson*, 136 Wn. App. 596, 613, 150 P.3d 144 (2007).

When examining intent, the proper focus is "the extent to which the criminal intent, as objectively viewed, changed from one crime to the next." *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987). "Intent, in this context, is not the particular *mens rea* element of the particular crime, but rather is the offender's objective criminal purpose in committing the crime." *State v. Adame*, 56 Wn. App. 803, 811, 785 P.2d 1144 (1990). Determining if the intent remained unchanged often includes an examination of "whether one crime furthered the other and if the time and place of the two crimes remained the same." *Dunaway*, 109 Wn.2d at 215.

Child molestation and child rape have different statutory intent elements. *State v. Saiz*, 63 Wn. App. 1, 4, 816 P.2d 92 (1991). Child molestation includes the element of sexual contact, which requires proof that the contact was made for the purpose of sexual gratification. *Id.* In contrast, rape of a child is a strict liability offense meaning that the crime has no mens rea element that would require proof of knowledge or intent. *State v. Deer*, 175 Wn.2d 725, 731, 287 P.3d 539 (2012), *cert. denied*, 133 S. Ct. 991, 184 L. Ed. 2d 770 (2013). Rape of a child requires sexual intercourse, which can occur without proof of sexual gratification. *Saiz*, 63 Wn. App. at 4. Likewise, first degree rape does not contain a mens rea element. *State v. DeRyke*, 149 Wn.2d 906, 913, 73 P.3d 1000

14

(2003). First degree rape requires proof of sexual intercourse by forcible compulsion. RCW 9A.44.040(1).

We conclude that the trial court misapplied the law by failing to classify the crimes of rape and child rape as the same criminal conduct. It is clear that the crimes encompassed the same victim, same act, and same objective of sexual intercourse. *See State v. Walden*, 69 Wn. App. 183, 187-88, 847 P.2d 956 (1993) (quoting *State v. Vike*, 66 Wn. App. 631, 633, 834 P.2d 48 (1992), *rev'd*, 125 Wn.2d 407, 885 P.2d 824 (1994)). The basis for both convictions arose out of the same sexual act. These rape crimes constitute the same criminal conduct for scoring purposes.

However, we conclude that the trial court did not abuse its discretion by declining to count the crimes of luring and child molestation as the same criminal conduct as the rape charges. The court concluded that the crimes did not have the same intent, because child rape has no intent, and intent to commit child molestation does not require rape in the first degree. Mr. Bunch did not present evidence to show that his intent was the same. He failed to meet his burden of persuading the trial court to exercise discretion in his favor.

Indeed, the intent for each crime is different. Under the language of the statutes, child molestation requires proof that the sexual contact was made for the purpose of

sexual gratification. However, child rape and rape require no criminal intent. Thus, without further proof that the objective intent remained the same, the trial court properly exercised its discretion by counting the rape and molestation crimes separately.

While luring and rape both lack an intent element, when we take the next step and look past the statutory intent, it is not clear that Mr. Bunch's objective intent for both crimes was the same. The purpose of the luring statute is to prohibit strangers from removing a vulnerable victim from the public view. *See State v. Dana*, 84 Wn. App. 166 173, 926 P.2d 344 (1996). This is not the purpose of rape. Also, luring was not needed to further Mr. Bunch's crimes. Mr. Bunch did not need to entice L.J. to a secluded place in order to commit the acts of sexual intercourse or molestation.

Because Mr. Bunch failed his burden of establishing that the different crimes shared the same objective intent, the trial court did not abuse its discretion by refusing to count the luring, child rape, and child molestation as the same criminal conduct.

Significantly, any error in considering Mr. Bunch's crimes as the same criminal conduct was harmless for the purpose of calculating his standard range sentence because decreasing Mr. Bunch's offender score results in the same sentence for each offense. Mr. Bunch's offender score will be reduced from 17 to 14 after the rape and child rape are

16

classified as the same criminal conduct.[4] On the sentencing grid, persons with offender scores of 9 and higher are all sentenced at the highest end of the sentencing range. RCW 9.94A.510. Mr. Bunch's score of 14 is sentenced within the same range as a score of 9. Therefore, his standard range sentence would not be affected by a recalculation of his offender score.

The trial court abused its discretion by failing to classify Mr. Bunch's rape and child rape offenses as the same criminal conduct. The correct offender score is 14.

*Exceptional, Indeterminate Sentence.* De novo is the standard used to review a challenge that a trial court lacked the authority to impose an exceptional sentence. *Mutch,* 171 Wn.2d at 656. "When a trial court lists more than one justification for an exceptional sentence and each ground is an independent justification, we affirm the sentence if one of the grounds is valid." *State v. Zatkovich,* 113 Wn. App. 70, 78, 52 P.3d 36 (2002).

Mr. Bunch contends that the trial court did not have the statutory authority to impose an exceptional sentence when the court ordered Mr. Bunch's convictions to run

---

[4] The parties do not dispute the 10 offender score points assigned to Mr. Bunch's criminal history: 4 points for Mr. Bunch's 2009 Nevada felony convictions for lewdness with a child under 14 and for luring a child, with the lewdness offense classified as a sex offense; and 6 points for Mr. Bunch's 2010 Thurston County convictions for first degree rape, first degree robbery with sexual motivation, and first degree kidnapping, with the rape and robbery convictions classified as sex offenses. Even serving minimum sentences

consecutively. He maintains that the trial court could not use the age of the victim to support the exceptional sentence because this finding was also used to increase the standard range of Mr. Bunch's sentence.

Generally, a court must order sentences to be served concurrently. RCW 9.94A.589(1)(a). But, consecutive sentences may be imposed under the exceptional sentence provisions of RCW 9.94A.535. RCW 9.94A.589(1)(a).

A finding that multiple offenses constitute the same criminal conduct does not preclude the imposition of consecutive sentences for the offenses if an exceptional sentence is otherwise warranted. *State v. Worl*, 91 Wn. App. 88, 96, 955 P.2d 814 (1998).

RCW 9.94A.535(2) allows a sentencing court to impose a sentence outside the standard range if the court finds a compelling and substantial reason to justify the exceptional sentence. A trial court may impose an exceptional sentence without a finding by a jury if "the defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished." RCW 9.94A.535(2)(c).

"[W]here the 'unpunished crimes' factor under RCW 9.94A.535(2) is present, the trial court's failure to treat a defendant's crimes as the same criminal conduct for

---

in Nevada and Thurston County, Mr. Bunch will be approximately 125 years of age

18

purposes of calculating the defendant's offender score can constitute harmless error."
*Bobenhouse*, 166 Wn.2d at 897.

In *Bobenhouse*, Mr. Bobenhouse contended that the trial court erred by calculating his offender score and, as a consequence, erred by imposing an exceptional sentence based on an "unpunished crimes" aggravator. *Id.* at 885-86. The court concluded the trial court's failure to calculate Mr. Bobenhouse's crimes as the same criminal conduct was a harmless error for purposes of the exceptional sentence because Mr. Bobenhouse's offender score would still result in some current offenses going unpunished if the exceptional sentence was not imposed. *Id.* at 896-97.

Here, the trial court did not exceed its authority by imposing the exceptional sentence and ordering the sentences to run consecutively. The trial court did not base its exceptional sentence on the age of the victim. Instead, the trial court based its exceptional sentence on Mr. Bunch's high offender score of 17. The trial court found that Mr. Bunch's high offender score would result in some crimes going unpunished. The trial court's rationale also applies to an offender score of 14. The trial court had the statutory authority to impose an exceptional sentence. The trial court did not err by ordering the sentences to run consecutively.

---

before serving his Kittitas County sentence.

No. 29899-0-III
*State v. Bunch*

We affirm the convictions but we conclude that the rape and child rape constituted the same criminal conduct for scoring purposes. Mr. Bunch's offender score is reduced from 17 to 14. Finally, we affirm the trial court's exceptional sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____            _____
Korsmo, C.J.                                Siddoway, J.

20