2015 JUL 27 AM 10: 3


# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | No. 71702-2-I |
|---|---|
| Respondent, | |
| v. | DIVISION ONE |
| DAVID LAINEZ, | UNPUBLISHED OPINION |
| Appellant. | FILED: July 27, 2015 |

LEACH, J. — David Lainez appeals the exceptional 60-month sentence imposed by the trial court after he pleaded guilty to one count of felony stalking with a rapid recidivism aggravating factor and two counts of assault in the fourth degree. He argues that the sentence is clearly excessive. Because Lainez stalked the same victim shortly after being released from custody on two prior occasions, substantial and compelling reasons justified the exceptional sentence. We conclude that the trial court did not abuse its discretion and affirm.

## Background

David Lainez began stalking Katelyn Stockman in 2011. On May 15, 2012, he pleaded guilty to telephone harassment. When he was released from jail the same day, an antiharassment order prevented him from having any contact, including by telephone, with Stockman. The next day, Lainez contacted Stockman in violation of this order. Although a Renton police officer spoke with

him about this violation, Lainez continued to violate the order, calling Stockman again the following day.

On August 9, 2012, Lainez pleaded guilty to felony stalking, violation of an antiharassment order, and nonfelony stalking. After serving a sentence for these crimes, he was released on June 25, 2013. On June 29, Stockman saw Lainez attempting to enter her workplace. Officers responded and arrested Lainez. Lainez assaulted the arresting officers.

Lainez pleaded guilty to one count of felony stalking and stipulated to the aggravating circumstance of rapid recidivism. Because Lainez had a prior felony conviction and was under community custody at the time of the offense, Lainez had an offender score of 2. This score produced a statutory standard sentencing range of 13 to 17 months. The State recommended the statutory maximum of 60 months. The trial court imposed an exceptional sentence of 60 months. Lainez appeals his sentence.

## Analysis

Lainez claims that the trial court abused its discretion by imposing a "clearly excessive" exceptional sentence.

The Sentencing Reform Act of 1981, chapter 9.94A RCW, allows a trial court to impose a sentence outside the standard sentence range for the offense when, considering the purpose of the act, it finds substantial and compelling reasons justifying an exceptional sentence.[1]

_____

[1] RCW 9.94A.535.

We review a judgment imposing an exceptional sentence for abuse of discretion.[2] We look to see if the court based its sentence on untenable grounds or reasons or imposed a sentence no reasonable judge would have imposed. To reverse an exceptional sentence, this court must find either (1) the record before the trial court does not support the reasons supplied by the court or that those reasons do not justify an exceptional sentence or (2) the court imposed a "clearly excessive" or "clearly too lenient" sentence.[3] Circumstances "must truly distinguish the crime from others of the same category" for the trial court to impose an exceptional sentence.[4]

Aggravating circumstances that can support a sentence above the standard range include those where "[t]he defendant committed the current offense shortly after being released from incarceration."[5] Lainez acknowledges that this circumstance applied and justified a departure from the standard range. Yet he also claims that his circumstances "were not sufficiently 'exceptional' to distinguish him from others committing the crime of stalking." He identifies three factors supporting this contention: (1) the sentence imposed is four times the low end of the standard range and three times the high end, (2) he has only one prior felony conviction, and (3) he has never been sentenced to a prison range term of confinement.

---

[2] State v. Branch, 129 Wn.2d 635, 649, 919 P.2d 1228 (1996).
[3] RCW 9.94A.585(4).
[4] State v. Tili, 148 Wn.2d 350, 369, 60 P.3d 1192 (2003).
[5] RCW 9.94A.535(3)(t).

At the time of the commission of the crime, stalking carried a statutory maximum sentence of 60 months.[6] In State v. Zatkovich,[7] Division Two of this court affirmed a 60-month exceptional sentence for stalking where the trial court found that domestic violence and a pattern of psychological abuse occurring over a long period of time justified the exception. Here, also, circumstances distinguish this crime from a "typical" incidence of stalking due to prolonged and patterned behavior involving the same victim, renewed twice within days of being released from jail for the same or similar behavior. The trial court found that Lainez on two occasions stalked the same victim, each time shortly after the State released him from custody. The trial court concluded that "[e]ach one of these aggravating circumstances is a substantial and compelling reason, standing alone, that is sufficient justification for the length of the exceptional sentence imposed." We agree.

## Conclusion

Because substantial and compelling reasons justify the 60-month

---

[6] Former RCW 9A.46.110(5)(b) (2007); RCW 9A.20.021(c). In July 2013, felony stalking became a class B felony, carrying a statutory maximum of 120 months. RCW 9A.46.110(5)(b); RCW 9A.20.021(b).
[7] 113 Wn. App. 70, 83, 52 P.3d 36 (2002).

exceptional sentence imposed by the trial court, the trial court did not abuse its discretion, and we affirm.

_____
Leach, J

WE CONCUR:

_____         _____
Trickey, J                        Schindler, J